## A94A2748. BROWN v. WELLER.
(456 SE2d 602)

RUFFIN, Judge.

Aaron Brown appeals from the trial court's grant of summary judgment to appellee, Janet Weller. Weller and Brown were involved in a multi-car collision in which Weller hit the rear of Brown's car. Jane Prine was a passenger in Weller's car. Weller and Prine were co-workers en route to a medical seminar sponsored by the hospital for which they worked. Each was injured in the accident and received workers' compensation benefits. Prine sued Brown and several other

drivers involved in the accident, and Brown then filed a third-party complaint against Weller seeking indemnity or contribution from Weller for any judgment against him. Weller moved for summary judgment, arguing that because the injuries from the accident were compensable under the workers' compensation statute, that the exclusive remedies provision of that statute, OCGA § 34-9-11 (a), barred Brown's claim against her.

1. Brown contends that the trial court erred in ruling that Prine's injuries arose in the course of her employment. We disagree. The evidence shows that at the time of the accident Weller and Prine were co-workers at the same hospital and were en route to attend a mandatory medical seminar sponsored by the hospital. The hospital paid the seminar fee and paid Weller and Prine for an eight-hour day while they attended the seminar. In addition, Prine received workers' compensation benefits for her injuries.

Under our holding in *Dickey v. Harden*, 202 Ga. App. 645 (414 SE2d 924) (1992), "there is no doubt in this instance that [Prine's] injury arose out [of] and in the course of employment. [Cit.]" Id. at 646.

2. Brown also argues that even if Prine's injury arose out of the course of her employment, the trial court erred in finding that under OCGA § 34-9-11 (a) he was precluded from impleading Weller. We agree. The relevant provision of that statute provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer. . . ." The trial court found that because OCGA § 34-9-11 (a) prevents an employee in this context from suing both his employer and fellow employee and because the statute further prevents a third party from impleading the employer for contribution that, a fortiori, the fellow employee is likewise protected from being impleaded by a third party. We disagree. Under the statute's "balance of rights and privileges," "the employer is *required* to pay benefits to the employee *without regard to fault*. [Cit.] *In turn*, the employee may not sue the employer . . . and the employer may not be impleaded as a joint tortfeasor in the employee's action against a third party. [Cit.]" (Emphasis supplied.) *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871, 873-874 (401 SE2d 5) (1991).

In contrast, the employee has no corresponding right to automatically recover against the co-employee and the co-employee has no obligation to pay any benefits without a prior determination of fault. In other words, the legislature's concern with balancing the obligations and corresponding immunity from suit is simply not present with a co-employee who, unlike the employer, does not risk the potential of

having to pay the injured employee twice if he is impleaded. Thus, we find a significant distinction between the respective situations of the hospital and Weller in this case, and we see no reason to extend to Weller the protection from impleader that the hospital enjoys by virtue of its corresponding burden under the statute. Further, we find no reason to prejudice Brown by preventing him from seeking contribution in this manner and do not conclude that the General Assembly intended such a result under the statute.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration Weller argues that if Brown is successful at trial on his third-party complaint against her, the effect will be to establish liability on the part of a co-employee in favor of the plaintiff in contravention of the exclusive remedy provisions of OCGA § 34-9-11. We are aware of decisions from other jurisdictions which have reached a similar conclusion. See *Phillips v. Union Pacific R. Co.*, 614 P2d 153 (1980). (Utah Supreme Court held that since plaintiff could not sue co-employee directly, the defendant was also precluded from doing so for purposes of contribution.) See also *Walker v. Manley*, 637 FSupp. 142 (M.D. Ga. 1986). (Federal district court concludes that Georgia courts would likely bar such a suit and that this inequity must be resolved by the Georgia courts or legislature.) In this jurisdiction, however, both this court and the Supreme Court have traditionally examined the policy considerations underlying the provision, and we find that these considerations outweigh the argument advanced by Weller or the other courts.

In *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981), the Supreme Court explained that under OCGA §§ 34-9-8 and 34-9-11, "[t]he quid pro quo for the statutory employer's potential liability [under OCGA §§ 34-9-8 and 34-9-11] is immunity from tort liability. Id. at 500. In *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), the Supreme Court cited *Rieder* and held that "[a]n employee of a statutory employer *does not have any potential liability for workers' compensation payments. Thus there is no quid pro quo, no reason to relieve him of liability for his negligence, and ample reason to hold him accountable for his negligence.*" (Emphasis supplied.) Id. at 623. While these decisions did not arise in the context of a third-party action against a co-employee, they are nonetheless instructive in evaluating the policy concerns at hand and applying the exclusive remedy provision to the instant case. See also *Pardue v. Ruiz*, 263 Ga. 146 (429 SE2d 912) (1993). (When suit against employee would mandate indemnification by employer, the policy underlying the act is defeated.)

Weller, likewise, has no liability for workers' compensation payments and has given no quid pro quo for any tort immunity from a third-party action. Nor is there an argument that the hospital would be required to indemnify her if Brown prevails, particularly as any duty Weller breached while driving was "a general duty of care, not one derived from [her] status as an employee [of the hospital]." Id. at 148. Thus, we do not find that the exclusive remedy rule should be extended to protect her in this particular situation at Brown's expense. The inequity in allowing the rule to be construed in this manner so as to protect Weller, while forcing Brown to pay all the expenses for damages which he may not have caused, outweighs any potential argument that the *effect* of a contrary construction would contravene the rule that an injured employee who receives workers' compensation benefits may not sue a co-employee.

*Motion for reconsideration denied.*

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — ▇▇▇▇▇▇▇▇▇

*Haas, Bridges, Kane & Coburn, Alvin L. Bridges, Jr.*, for appellant.

*Lane, O'Brien, Caswell & Taylor, Richard T. Taylor*, for appellee.