## S95G1205. WELLER v. BROWN.
### (464 SE2d 805)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Brown v. Weller*, 217 Ga. App. 67 (456 SE2d 602) (1995), to determine whether the exclusive remedy provision of the Workers' Compensation Act (OCGA § 34-9-11) precludes a defendant in a personal injury action from asserting a third-party contribution claim against a co-worker of the plaintiff.

Co-workers Janet Weller and Jane Prine were traveling together on business in Weller's car when they were involved in a multi-car collision. Prine was injured and brought suit against the drivers of every car involved in the collision, except Weller. Brown, one of the drivers sued by Prine, filed a third-party complaint against Weller for contribution. Weller raised the workers' compensation statute's exclusive remedy provision as a defense, pointing out that Prine received workers' compensation benefits for her injuries. The trial court granted summary judgment to Weller and the Court of Appeals reversed, holding that Brown could implead Weller. We hold that the exclusive remedy provision of the Workers' Compensation Act precludes Brown from impleading Weller and we reverse the judgment of the Court of Appeals.

OCGA § 34-9-11 provides that, although the rights and remedies granted to an employee under the Workers' Compensation Act are exclusive, the employee is not deprived of her right to bring an action against a third-party tortfeasor. Nevertheless, the Act makes it clear that an employee cannot bring an action against a third-party tortfeasor who is "an employee of the same employer. . . ." In light of this Code section, everyone agrees that, while Prine can sue the drivers of the other cars involved in the collision, she cannot sue Weller because she and Weller are co-workers. *Williams v. Byrd*, 242 Ga. 80 (247 SE2d 874) (1978); *Dickey v. Harden*, 202 Ga. App. 645 (414 SE2d 924) (1992). We must decide whether Brown can be permitted to sue Weller for contribution when Prine cannot do so.

OCGA § 23-2-71 provides that a party who has paid more than his share of a liability is entitled to seek contribution from others who are jointly or jointly and severally liable with him. This Code section makes it clear that contribution will not lie in the absence of joint or joint and several liability. Thus, a third-party plaintiff cannot seek contribution from a third-party defendant who cannot be held directly liable to the plaintiff as a matter of law. *Glazer v. Crescent Wallcoverings*, 215 Ga. App. 492, 495 (451 SE2d 509) (1994); see *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91 (303 SE2d 108) (1983) (employer who paid workers' compensation benefits to employee cannot be impleaded in a tort action brought by employee); *Southern R. Co.*

*v. Brewer*, 122 Ga. App. 292 (176 SE2d 665) (1970) (defendant cannot seek contribution from plaintiff's husband when he is not subject to suit as a joint tortfeasor).

Citing *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), the Court of Appeals reasoned that Brown can sue Weller for contribution because Weller is not liable for workers' compensation payments and has given no quid pro quo for tort immunity. *Brown v. Weller*, supra at 69, 70. The Court of Appeals' reliance upon *Long* is misplaced. That case concerned the liability of an employee of a *statutory* employer, not, as in this case, the liability of an employee of the same employer. While the exclusive remedy provision of the Workers' Compensation Act does not preclude a tort action against an employee of a statutory employer, it expressly precludes such an action against "employees of the same employer." OCGA § 34-9-11. And while a quid pro quo analysis is useful in an action against an employee of a statutory employer, it has no place in an action against an employee of the same employer. As this Court noted in *Long*, supra at 623:

> An employee of a statutory employer does not have any potential liability for workers' compensation payments. Thus, there is no quid pro quo, no reason to relieve him of liability for his negligence, and ample reason to hold him accountable for his negligence. *We recognize that this argument not only could be made but historically [has been] made in relation to employees of the same employer. [Cit.] The General Assembly, however, chose to provide immunity to "an employee of the same employer." [Cits.]*

(Emphasis supplied.)

To allow Brown to have judgment against Weller for sums Prine recovers against Brown would be tantamount to allowing Prine to sue Weller in tort. Inasmuch as the Workers' Compensation Act does not permit such an action, OCGA § 34-9-11, Brown cannot be permitted to bring a third-party contribution claim against Weller. If we were to rule otherwise we would allow one to do indirectly that which the law does not allow to be done directly. See *Eschen v. Roney*, 127 Ga. App. 719 (194 SE2d 589) (1972) (defendant cannot be allowed to seek contribution from mother of unemancipated minor plaintiff).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Lane, Obrien, Caswell & Taylor, Stephen J. Caswell,* for appellant.

*Raymond & Dalton, Phillip T. Raymond III, Long, Weinberg, Ansley & Wheeler, Alan L. Newman, Freeman & Hawkins, Barry S. Noltner, Chambers, Mabry, McClelland & Brooks, Haas, Bridges, Kane & Coburn, Alvin L. Bridges, Jr.,* for appellee.

*Mozley, Finlayson & Loggins, Sewell K. Loggins, J. Marcus Howard,* amicus curiae.