A97A1292. OWENS-BROCKWAY PACKAGING, INC.
v. HATHORN.
(488 SE2d 495)

JOHNSON, Judge.

In this workers' compensation case, claimant Terry Hathorn, an employee of Owens-Brockway Packaging, Inc., sustained a compensable injury to her back in 1990. In 1993 Hathorn missed work for approximately six months due to problems with her back which were unrelated to any specific job-related incident, returning in November 1993. In January 1994 she left work again, but returned a month later after receiving a full-duty release from her treating physician. She received disability benefits on both occasions. After returning to work in February 1994 Hathorn worked continuously on a full-time, full-duty basis without missing any time from work due to physical problems until January 1995 when she was involved in an automobile accident unrelated to her employment. The accident caused disabling injuries to the same area of her back as had been injured in 1990.

The ALJ found that because Hathorn was unable to successfully perform regular-duty work even before the 1995 automobile accident due to a continuation of symptoms related to her 1990 injury, she was entitled to income benefits for a change in condition as of the accident date. The appellate division reversed, finding that the preponderance of competent and credible evidence demonstrated that Hathorn's present disability was a direct result of her automobile collision and not due to her condition prior to the accident. The superior court, in turn, reversed the decision of the appellate division and reinstated the ALJ's award, holding that the ALJ's finding "that the claimant was symptomatic and unable to perform regular duty work" due to her original, work-related injury was supported by the preponderance of the evidence. Owens-Brockway filed an application for discretionary review of the superior court's judgment arguing that the superior court erred by weighing evidence to determine the preponderance of the evidence rather than applying the "any evidence" standard of review to the appellate division's decision. We granted the application and, for the reasons that follow, reverse the judgment

of the superior court.

When the superior court decided this case, the role of the appellate division in reviewing an ALJ's order was in a state of some uncertainty as a result of a 1994 amendment to OCGA § 34-9-103 (a). Recently, however, the Supreme Court of Georgia interpreted and clarified the General Assembly's revision of OCGA § 34-9-103 (a). In *Bankhead Enterprises v. Beavers*, 267 Ga. 506 (480 SE2d 840) (1997), the Supreme Court held that OCGA § 34-9-103 (a), as amended in 1994, authorizes the appellate division of the Workers' Compensation Board to vacate an ALJ's findings of fact and conclusions of law as unsupported by a preponderance of the competent and credible evidence, and to substitute its own alternative findings. That is precisely what was done in this case.

The 1994 amendment to OCGA § 34-9-103 (a) did not change the standard of review to be applied by the superior court in reviewing the findings of the appellate division. On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses. *American Intl. Adjusting Co. v. Davis*, 202 Ga. App. 276, 277-278 (1) (a) (414 SE2d 292) (1991). The role of the superior court in reviewing a decision from the appellate division then is not to return to the original findings of the ALJ and evaluate whether that decision was supported by a preponderance of the evidence, but to review the appellate division's order and make a determination as to whether it is supported by any evidence. If the appellate division's reweighing of the evidence led to a conclusion different from that reached by the ALJ, the superior court is obligated to affirm it if there is any evidence to support it. Because there is some evidence in the record in this case to support the appellate division's finding of fact that Hathorn was released to full duty in February 1994 and worked full time for almost a year prior to the automobile accident which aggravated her preexisting condition and to support the appellate division's conclusion of law that no liability arises from disability resulting from a new accident unrelated to the worker's employment, the superior court erred in reversing the decision of the appellate division. See *Shuman v. Engineered Fabrics*, 220 Ga. App. 636 (1), 637 (2) (469 SE2d 847) (1996).

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JUNE 16, 1997 —
RECONSIDERATION DISMISSED JULY 2, 1997 —

*Wilson, Strickland & Benson, Earl B. Benson, Jr., Carolyn A. Seabolt,* for appellant.
*Morris L. Richman,* for appellee.