## A99A0717. SATILLA REGIONAL MEDICAL CENTER v. DIXON.
### (518 SE2d 723)

BLACKBURN, Presiding Judge.

This workers' compensation appeal is from the superior court's order reversing the award of the administrative law judge, which was adopted by the State Board of Workers' Compensation Appellate Division. We granted Satilla Regional Medical Center's discretionary application to consider whether the superior court applied an incorrect standard of review in reversing the award of the State Board.

In his award, the ALJ made the following findings: Peggy Lee Dixon was a licensed practical nurse at Satilla, and her regular job was taking care of post-operative surgical patients, which required lifting and moving them. Dixon had suffered from back pain all her life. She also had high blood pressure, angina, and a host of other medical problems. As recently as two months prior to her alleged on-the-job injury, Dixon was hospitalized for chest pain and was prescribed medication for back pain at that time.

Dixon alleges she suffered a back injury on October 15, 1996, when she lifted a patient. She sought medical attention the next day, which revealed a possible small herniated disc at L5-S1. Dixon testified that she informed her supervisor of the injury on October 18, 1996, but her supervisor disputed this testimony and insisted that although Dixon informed her that her back hurt, she never mentioned an on-the-job injury.

Dixon did not work for the next two days. She returned to work for two days, but was then hospitalized for chest pain and elevated blood pressure. She complained of severe low back pain, but made no mention of the cause.

Satilla's risk manager visited her in the hospital. She told him that she thought that she had injured her back while working and wanted workers' compensation benefits. He questioned Dixon further, but she could not say where, when or how she was hurt and indicated that she had not reported the matter to her supervisor. On October 28, 1996, she underwent a heart catheterization, but afterwards complained to her doctor that her primary problem was lower back pain. She was examined by a neurosurgeon, who noted the small bulge at L5-S1, but did not believe it was significant or was the source of her severe pain.

Another neurosurgeon examined Dixon in January 1997, and she reported to him that her longstanding lower back pain increased

substantially after lifting some patients in October 1996. This is the first undisputed instance of record where Dixon attributed her back pain to a work-related injury. Another neurosurgeon examined her in August 1997, and diagnosed degenerative disc disease. This physician then performed a diskectomy and fusion at L5 on Dixon.

Dixon filed a notice of claim on March 31, 1997, more than five months after her alleged injury. Satilla controverted the claim, and a hearing was held on the matter. In his award, the ALJ noted that the claimant has the burden of proof in workers' compensation cases to show that she suffered an accidental injury which arose out of and in the course of her employment. *Zamora v. Coffee Gen. Hosp.*, 162 Ga. App. 82, 83 (290 SE2d 192) (1982). The ALJ found that Dixon failed to meet this burden, that she was unaware of an injury occurring while lifting patients and only later determined, as her condition worsened, that she must have been injured while doing so. The ALJ further found that Dixon had failed to give timely notice of the injury to her employer, as required by OCGA § 34-9-80. Accordingly, benefits were denied, and the appellate division affirmed the award.

The superior court reversed and remanded, holding that the ALJ and appellate division "failed to consider the entire record in this matter and based their Awards on a partial or incorrect reading and/or application of the evidence presented by [Dixon]." The superior court did not indicate what part of the record was not considered or which evidence was incorrectly read. The court further held that Dixon, "as a matter of law" gave appropriate notice of her injury. Satilla appeals from this order.

1.

On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses.

*Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997). Furthermore, "[i]n reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division." (Punctuation omitted.) *Southwire Co. v. Molden*, 223 Ga. App. 389, 390 (477 SE2d 646) (1996). Satilla correctly argues that the superior court was bound to apply the "any evidence" standard of review and thus erred in holding that the State Board made its award on a partial or incorrect reading of the evidence. While

there was some evidence to support Dixon's position, there was ample evidence to support the ALJ's findings that Dixon did not meet her burden of proving that the injury arose out of and in the course of her employment. See *Zamora*, supra. Accordingly, the superior court committed clear error in reversing on this ground.

2. Likewise, Satilla correctly argues that the superior court erred in ruling that, "as a matter of law," Dixon gave timely notice to her employer of her injury. OCGA § 34-9-80 requires that an employee give notice of an on-the-job injury to her employer within 30 days. Although the notice need not be in a particular format, it must at least " 'put[ ] the employer on notice of the injury so that it may make an investigation if it sees fit to do so.' [Cit.]" *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976). Here, again, the superior court erred in failing to apply the "any evidence" rule. Although the ALJ could have chosen to credit Dixon's testimony that she orally informed her supervisor of the injury three days after it allegedly occurred, he chose instead to credit the testimony of Dixon's supervisor and Satilla's risk manager. Under the "any evidence" rule, this finding should not have been disturbed, and the award should have been affirmed on this ground.

For the foregoing reasons, the superior court erred in reversing the holding of the ALJ which was adopted by the full Board.

*Judgment reversed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 27, 1999 —
RECONSIDERATION DENIED JUNE 23, 1999.

Workers' compensation. Ware Superior Court. Before Judge Newton.

*Walker & Sweat, Bruce M. Walker*, for appellant.
*Hackel & Hackel, Thomas M. Hackel*, for appellee.