## A00A0658. MEDDERS v. SMITH et al.
### (537 SE2d 153)

PHIPPS, Judge.

Glen Medders suffered an injury as he worked for a construction subcontractor. His claim for workers' compensation benefits named an immediate employer and several statutory employers. The administrative law judge entered an award against only the immediate employer, and Medders appealed to the appellate division of the State Board of Workers' Compensation.

The appellate division affirmed the ALJ's award against the immediate employer and found that one of the statutory employers was equitably estopped from denying coverage. That decision was appealed by Medders and that employer to the superior court.

The superior court reversed the appellate division's finding as to the statutory employer, and we granted Medders's application for discretionary appeal.

Medders worked for James Smith, a subcontractor hired by Paul Conaway to frame four speculative houses in a subdivision. Conaway had entered into an oral agreement with the subdivision developer, Wendall Kessler, who also owned the four lots. The agreement provided for Conaway to oversee the construction of the houses in

---

[14] OCGA § 9-7-14 (a).

exchange for a weekly salary and a possible share in the profits when each house sold. Conaway also oversaw the building of speculative houses for Conaway, Inc., a company owned by his wife.

On May 7, 1997, Medders was injured on the job. He brought a claim for workers' compensation benefits against James Smith d/b/a James Smith Construction, Conaway, Conaway, Inc., and Kessler, individually and d/b/a Cabinets Plus.[1] Medders claimed that Smith Construction was his immediate employer and that all other defendants were his statutory employers. He also claimed that Conaway and Kessler were liable based on the doctrine of equitable estoppel and that Kessler was further liable under partnership and joint venture law. Smith did not have workers' compensation insurance coverage.

The ALJ entered an award only against James Smith d/b/a James Smith Construction Company, finding that Conaway, Inc. was not involved in building the house where Medders was injured. Because Conaway and Kessler had fewer than three full-time employees, the ALJ found that they were not subject to the Workers' Compensation Act[2] and therefore could not be deemed statutory employers. The ALJ also found that Medders had failed to prove that Conaway and Kessler are equitably estopped from denying coverage. The appellate division affirmed the ALJ's award except that it reversed the decision as to Conaway, determining that Conaway was equitably estopped from denying coverage. Medders and Conaway appealed to the superior court, which affirmed all aspects of the appellate division's award, except for the award on the issue of equitable estoppel.

1. Medders contends that the superior court erroneously reversed the appellate division's finding that Conaway is equitably estopped from denying coverage.

A party asserting estoppel must establish

> (1) conduct amounting to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; [and] (3) knowledge, actual or constructive, of the real facts; and, as to the party claiming the estoppel: (1) lack of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon

---

[1] Pursuant to an agreement of the parties, the ALJ dismissed Cabinets Plus.
[2] See OCGA § 34-9-2 (a).

of such a character as to change his position prejudicially.[3]

It is undisputed that after the completion of the first of the four houses, Conaway and Smith orally agreed that Smith would not charge for extras, such as cathedral ceilings, fireplaces, and chimneys, and in exchange Conaway would provide workers' compensation coverage for Smith's employees. Thereafter Smith received no compensation for the extras. Medders testified that he overheard this oral agreement between Conaway and Smith. Medders also testified that Conaway and Smith told him that he was covered under workers' compensation insurance. He claims that because of their representations, he continued to frame houses for Smith. But no workers' compensation insurance was purchased.

The ALJ denied coverage to Medders as to Conaway, finding that he had proved all of the elements of equitable estoppel except that he took some action which changed his position prejudicially. The ALJ found that after Medders overheard the conversation, he did not change his position, but rather, he continued to perform the same job he had performed before he heard the conversation. The appellate division reversed the ALJ's decision, finding that Medders's decision to continue working for Smith prejudiced his position. The superior court reversed the appellate division and reinstated the ALJ's decision as to Conaway's liability, concluding that although there was evidence that Medders overheard Conaway agreeing to provide workers' compensation coverage, there was no evidence in the record to support a finding that Medders changed his position prejudicially in reliance on that statement.

On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to the weight of the evidence or the credibility of the witnesses.[4]

Conaway argues that because Medders continued to frame houses after hearing Conaway's statement to Smith, he took no action that prejudiced his position. But contrary to the superior court's ruling, the appellate division could infer from Medders's testimony that he made an affirmative decision to continue to work for Smith in reliance on Conaway's statements regarding coverage. The appellate division is a factfinder, and as such, it is authorized to draw a different inference from that of the ALJ. But neither the supe-

---

[3] (Citation and punctuation omitted.) *Horne v. Exum*, 204 Ga. App. 337, 338 (419 SE2d 147) (1992).

[4] *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997).

rior court nor this Court has any authority to substitute itself as a factfinding body in lieu of the appellate division.[5] Further, the superior court is not permitted to substitute its own inferences and deductions for those of the appellate division merely because it deems its own conclusions more reasonable.[6] Whether Medders took some action to change his position prejudicially was a question of fact for the ALJ, and then for the appellate division, which decided the question adversely to Conaway. Even if the appellate division's reweighing of the evidence resulted in a conclusion different from that of the ALJ, the superior court must affirm the appellate division if there is any evidence to support its conclusion.[7] Because the record contains some evidence that supports the appellate division's finding that Medders's decision to continue working for Smith prejudiced his position, the superior court erred in reversing the appellate division on this issue.

2. Medders contends that Kessler also is liable based on equitable estoppel. Kessler testified that he never discussed the matter with Smith. He testified that when Conaway communicated the contemplated agreement with Smith to him, he left it up to Conaway to decide whether to accept the construction upgrades and purchase workers' compensation insurance because "[the costs] would reduce [Conaway's] profits." The appellate division decided that Kessler had played no role in the workers' compensation matter. Because there is some evidence to support the appellate division's decision, the superior court did not err in affirming it.

3. Medders contends that the superior court erred in finding that Conaway, Inc. was not liable to him. Medders argues that "Conaway and Conaway, Inc. are one and the same."

The appellate division found that Conaway, Inc. was not the contractor of the house where Medders was injured and that Conaway, Inc. otherwise had no interest in any of the four houses subcontracted to Smith for framing. Carolyn Conaway, as sole owner of Conaway, Inc., Kessler, and the bank's agent who closed the construction loan all testified that Conaway, Inc. played no part in the financing or the constructing of the four houses. Because there is evidence in the record that demonstrates that there was no connection between Conaway, Inc. and Conaway's four-house project, the superior court did not err in affirming the appellate division's ruling.

4. Medders maintains that Conaway and Kessler's business arrangement was either a partnership or a joint venture and, therefore, Conaway's agreement with Smith also bound Kessler. "[O]ne

---

[5] Id.; *Southwire Co. v. Molden*, 223 Ga. App. 389, 390 (477 SE2d 646) (1996).

[6] *Coleman v. Argonaut Ins. Co.*, 135 Ga. App. 182 (217 SE2d 439) (1975).

[7] *Hathorn*, supra, 227 Ga. App. at 111.

partner in a joint venture may be liable for the workers' compensation benefits of the other joint venturer's employees."[8] Here, neither the ALJ nor the appellate division reached the merits of Medders's argument that Conaway and Kessler were partners or joint venturers. Because the issues of whether a partnership or joint venture existed and whether Conaway's agreement with Smith further bound Kessler are best left to the factfinder, we remand the case to the superior court with the instruction that the case further be remanded to the appellate division and then to the ALJ for further findings of fact and conclusions of law relative to whether Kessler is liable based on partnership or joint venture law.[9]

*Judgment affirmed in part and reversed in part and case remanded with direction. Johnson, C. J., and Mikell, J., concur.*

DECIDED JULY 11, 2000 —
RECONSIDERATION DENIED JULY 26, 2000 ▮▮▮▮▮▮▮▮▮

*Zipperer & Lorberbaum, Ralph R. Lorberbaum*, for appellant.
*Barrow & Sims, Charles W. Barrow, Callaway, Neville & Brinson, William J. Neville, Jr., Hunter, Lewis & Brannon, Charles W. Brannon, Jr.*, for appellees.

---

[8] *Seckinger & Co. v. Foreman*, 252 Ga. 540, 541 (2) (314 SE2d 891) (1984).
[9] See *Sadeghi v. Suad, Inc.*, 219 Ga. App. 92, 93 (464 SE2d 234) (1995).