A00A1572. HARRISON v. WINN DIXIE STORES, INC. et al.
(542 SE2d 142)

RUFFIN, Judge.

At the request of his former manager, Thomas Shane Harrison agreed to work an unscheduled early morning shift at a Winn Dixie in Buford. He was injured in an automobile collision while en route from his previous shift at a Winn Dixie in Chamblee. Harrison sought payment of workers' compensation benefits from his employer, Winn Dixie Stores, Inc. Following a hearing, the administrative law judge (ALJ) of the Workers' Compensation Board ruled that Harrison was not entitled to benefits because the accident did not arise out of and in the course of his employment. The appellate division of the Board affirmed and adopted the award of the ALJ. Harrison appealed to the DeKalb County Superior Court, which affirmed the award of the appellate division. Following our grant of his application for discretionary appeal, Harrison appeals the order of the superior court. For reasons which follow, we affirm.

Viewed in a light most favorable to the ALJ's ruling, the record shows that, at the time of the collision, Winn Dixie employed Harrison as a junior assistant manager at its Chamblee store. On June 22, 1997, while he was working at the Chamblee store, Harrison received a telephone call from his former manager, Brent Wheeler, who was the manager of the Winn Dixie store in Buford. Wheeler needed both a junior assistant and grocery manager, and he asked Harrison to come work at the Buford store after Harrison completed his shift at the Chamblee location. Harrison clocked out of the Chamblee store at approximately 1:30 a.m. He testified that he intended to drive straight to the Buford store, although he also admitted that he could have stopped to eat before reporting. Harrison was only a few blocks away from the Chamblee store when he was struck by another car and severely injured. Had Harrison arrived safely at the Buford location, he would have needed to clock in before commencing work, and

would have been given a new badge number, clock number and employee file to reflect his work at the Buford store. Nevertheless, the record is clear that the employer — Winn Dixie — was the same at both the Chamblee and Buford locations.

A compensable injury for purposes of the Workers' Compensation Act[1] must arise out of and in the course of employment.[2] The award of the appellate division adopting the ALJ's findings that Harrison's injuries did not arise out of or in the course of employment must be upheld if there is any evidence to support it.[3] The question of whether an employee was acting within the scope of his or her employment at the time of the injury is usually a mixed question of law and fact.[4]

Harrison argues that the ALJ, the appellate division and the superior court all erred in determining that his injuries did not arise out of and in the course of his employment. We disagree. As the ALJ concluded, this case falls within the parameters of the "going to and from" rule, and none of the exceptions to that rule apply.

It is well established that an employee is not acting in the course of his employment when traveling to and from work:

> The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment.[5]

There are several exceptions to this rule, including

> where the employer furnishes transportation[; or] where [the employee is] doing some act permitted or required by the employer and beneficial to the employer while en route to and from work[; or] where [the employee is] going to and from parking facilities provided by the employer[; or] in instances where an employee is on call and furnishes or is reimbursed for his transportation costs.[6]

---

[1] OCGA §§ 34-9-1 through 34-9-421.

[2] OCGA § 34-9-1 (4); *Hadsock v. J. H. Harvey Co.*, 212 Ga. App. 782, 783 (442 SE2d 892) (1994).

[3] See *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997).

[4] *Wade v. Ga. Diversified Indus.*, 240 Ga. App. 225, 226 (1) (522 SE2d 746) (1999).

[5] (Citation and punctuation omitted.) *Wilcox v. Shepherd Lumber Corp.*, 80 Ga. App. 71, 74 (2) (55 SE2d 382) (1949).

[6] (Citations omitted.) *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226) (1968).

The rule is also inapplicable when the employee is engaged in a "special task" for the employer.[7] The ALJ ruled that none of these exceptions applied.[8]

The "parking lot" exception, long recognized by the Georgia courts,[9] provides that an employee remains within the course of employment when traveling from the place of work to an employer-owned or -controlled parking lot, even if the course of travel necessitates that the employee traverse a public road. Harrison was clearly not en route to such a parking lot. And the basis for this "parking lot" exception — that the period of employment includes a "reasonable time for ingress to and egress from the place of work"[10] — is not applicable here. Harrison had left the immediate vicinity of the Chamblee store when the injury occurred.

In addition to the parking lot cases, Harrison cites *Cooper v. Lumbermen's Mut. Cas. Co.*[11] in which the employee fell off the back of a truck traveling the 20 miles from the employer's mill to a timber cutting area. That case is also inapplicable. The court's basis for affirming the award of benefits was that testimony supported a finding that employment was considered to begin at the mill. The evidence authorized a finding that the means of transportation was part of the employment contract.[12] Here, by contrast, the evidence supports the ALJ's finding that Harrison had finished his work at the Chamblee store and would be "on the clock" at the Buford store only after he arrived. Furthermore, Harrison was free to interrupt his trip to stop and eat, if he so chose, in comparison to the employee in *Cooper*, whose freedom of action was necessarily more limited during the trip between the mill and the timber.

Harrison also relies on *Dickey v. Hardin*[13] and *Brown v. Weller*,[14] both of which are distinguishable. These cases involve injuries which occurred while the employees were traveling from home to business

---

[7] *Batten v. Commercial Union Ins. Co.*, 147 Ga. App. 339 (248 SE2d 682) (1978).

[8] The ALJ ruled that "the preponderance of the evidence here reflects that Winn Dixie did not furnish Mr. Harrison's transportation, nor was he injured while doing some act permitted or required by the employer beneficial to them in route or from work, nor was he going to or from parking facilities provided by the employer, nor was he on call, furnished or reimbursed for transportation costs. . . . The preponderance of the evidence fails to reflect that Mr. Harrison was undertaking a special task for the employer while on route in his personal car."

[9] See, e.g., *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174 (335 SE2d 458) (1985); *West Point Pepperell v. McEntire*, 150 Ga. App. 728 (258 SE2d 530) (1979).

[10] *Knight-Ridder*, 176 Ga. App. at 175.

[11] 179 Ga. 256 (175 SE 577) (1934).

[12] Id. at 262.

[13] 202 Ga. App. 645 (414 SE2d 924) (1992).

[14] 217 Ga. App. 67 (456 SE2d 602) (1995), rev'd on other grounds, *Weller v. Brown*, 266 Ga. 130 (464 SE2d 805) (1996).

seminars. The trips were found to be in the course of employment because the employers mandated attendance, and the employees were to receive their regular wages for attending the courses. Here, evidence supports the finding of the ALJ that Harrison was not required to go to the Buford store as a condition of his employment with Winn Dixie. Harrison's immediate supervisor knew nothing about Harrison working at the Buford store.

Finally, Harrison argues that his injury is compensable because it occurred while he was performing a "special task" or "special errand" for Winn Dixie. In Georgia, the emphasis of the special errand exception is placed on the benefit to the employer rather than any inconvenience of the off-premises journey to the employee:

> Where the employee, before or after customary working hours, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer, and an injury arises en route from the home to the place where the work is performed, or from the place of performance of the work to the home, such injury is considered as arising out of and in the course of the employment.[15]

*Batten v. Commercial Union Ins. Co.*,[16] which is cited by the ALJ, is not particularly helpful to Harrison. *Batten* provides:

> The fact that an employee was told to report to work two hours early on a specific day and was injured while en route to work would not be sufficient to bring him within the special task exception. This would be true even though the claimant was to perform work which was different from his usual duties. In this case the special task which the claimant was to perform did not start until he reached his place of employment, and he was not on call.[17]

We have found no Georgia authority that would make Harrison's trip from Chamblee to Buford, even though undertaken at 1:30 a.m., so substantial as to constitute a benefit to his employer in and of itself. And under *Batten*, an employee's special commute to perform overtime work, which is analogous to the special trip undertaken by Harrison to perform overtime work at the Buford location, is not within

---

[15] (Punctuation omitted.) *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988). Compare Larson's Workers' Compensation Law (2000), § 14.05.

[16] 147 Ga. App. 339 (248 SE2d 682) (1978).

[17] Id.

the course of employment.

Accordingly, we hold that the record supports the appellate division's adoption of the ALJ's findings of fact and conclusions of law; therefore, the superior court did not err in affirming the Board's award.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2000 —
RECONSIDERATION DENIED NOVEMBER 28, 2000 —

*Peterson & Harris, Kenneth W. Brosnahan*, for appellant.
*Swift, Currie, McGhee & Hiers, Richard A. Watts, Megan W. Grout*, for appellees.

