## A01A0244. HITCHCOCK v. JACK WIGGINS, INC.

(549 SE2d 806)

PHIPPS, Judge.

We granted the discretionary application of Wendell Hitchcock, the claimant in this workers' compensation case, to determine if the administrative law judge (ALJ) was authorized to count Jack Wiggins of Wiggins Auto Salvage, Inc. (Wiggins Auto) as an employee of the business for purposes of determining whether the Workers' Compensation Act applies to Hitchcock's claim. OCGA § 34-9-2 (a) exempts corporations with less than three employees from complying

---

with the Act, unless the corporation and its employees elect to be bound. Wiggins Auto, the employer, controverted Hitchcock's claim on the ground that corporate officer Wiggins exempted himself from coverage under the Act, as authorized by OCGA § 34-9-2.1.[1] Wiggins Auto contended that if Wiggins is exempt from coverage, Hitchcock's claim is not covered under the Act, because it would then have less than three employees for purposes of OCGA § 34-9-2 (a). The ALJ rejected this contention, however, finding that Wiggins Auto failed to prove that Wiggins had filed a valid exemption with the State Board of Workers' Compensation or with any insurance company, as required by OCGA § 34-9-2.1.

The appellate division adopted the ALJ's award without modification. Wiggins Auto then appealed to the superior court, which reversed the award of the appellate division. The superior court determined that the ALJ and appellate division erred as a matter of law in rejecting as evidence copies of written exemptions tendered by Wiggins Auto, as well as Wiggins's sworn testimony that those exemptions were delivered to the employer's insurer. The superior court essentially held that the ALJ and appellate division should have treated these submissions by Wiggins Auto as prima facie evidence that it complied with the requirements of OCGA § 34-9-2.1.

The superior court's ruling on this point is erroneous. The fact that Wiggins Auto kept copies of papers it allegedly forwarded to insurers does not prove that those papers were in fact filed as required. Moreover, the superior court found Wiggins's testimony to be credible as a matter of law, despite the ALJ's finding that Wiggins "testified vaguely that exemption forms had been sent to his insurance company, but he did not name an insurer."

> On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judg-

---

[1] (a) A corporate officer or a member of a limited liability company who elects to be exempt from coverage under this chapter shall make such election by giving written certification to the insurer or, if there is no insurer, to the State Board of Workers' Compensation. The right of any corporation or limited liability company to exempt its officers or members from coverage under this chapter is limited as follows: . . . (3) Any employer subject to this chapter pursuant to subsection (a) of Code Section 34-9-2 before the filing of any exemptions shall remain subject to this chapter without regard to the number of exemptions filed. However, in the event that there shall be no covered employees once exemptions are elected, no coverage shall be required unless and until additional employees are employed. . . . (c) No certification given pursuant to subsection (a) or (b) of this Code section shall become effective until it is filed with the proper entity.

ment as to weight of the evidence *or the credibility of the witnesses.* [Cit.][2]

Moreover, even if the superior court had been correct in finding that Wiggins Auto demonstrated that Wiggins exempted himself from the Act, that finding would be immaterial, because the superior court erred in its interpretation of OCGA § 34-9-2.1 (a) (3). That subsection provides that

> [a]ny employer subject to this chapter pursuant to subsection (a) of Code Section 34-9-2 before the filing of any exemptions shall remain subject to this chapter without regard to the number of exemptions filed. However, in the event that there shall be no covered employees once exemptions are elected, no coverage shall be required unless and until additional employees are employed.

Relying on this Code section, the ALJ and appellate division determined that Wiggins's claimed exemption was irrelevant, since Wiggins Auto would be subject to the Act regardless. The ALJ and appellate division reasoned that at the time of Hitchcock's injury, "the law had changed so that the requisite number of employees is determined without regard to the fact of exemptions, unless there are no non-exempt employees." The superior court disagreed, stating that:

> In October 1997 when Wiggins Auto Salvage, Inc. started Wiggins Paint and Body Shop the corporate officer had previously elected to be exempt and there were no covered employees. Thus, no coverage was required until additional employees were employed. The Workers Compensation Act does not apply to any person, firm, or private corporation that has regularly in service less than three employees in the same business within this state. OCGA § [34-9-2 (a)]. Reading this section together with OCGA § [34-9-2.1 (a) (3)], Wiggins Auto Salvage, Inc. d/b/a Wiggins Paint and Body Shop would not be subject to the Act until it had employed three part-time or full-time employees. The evidence in the record shows that at the time of Claimant's injury, Wiggins Auto Salvage, Inc. d/b/a Wiggins Paint & Body Shop had two [covered] employees. At the time of Claimant's accident, the Employer was not subject to the jurisdiction of the Workers'

---

[2] (Emphasis supplied.) *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997).

Compensation Act, and *the order of the State Board of Workers Compensation is reversed.*[3]

The superior court's interpretation apparently is based on the premise that if a corporation has no covered employees after exemptions, then it is not subject to the Workers' Compensation Act until such time as *at least three* additional employees are hired.

A plain reading of OCGA § 34-9-2.1 (a) (3) contradicts the superior court's interpretation. The Code section states that exemptions by corporate officers are ineffective to reduce the employee count for determining applicability of the Act *except* where the exemptions reduce the employee count to zero. Once an "additional employee" is hired, corporate officers must be included in the total employee count regardless of whether they are personally exempt from the Act.

A hypothetical example illustrates the problem with the superior court's interpretation: Assume Corporation A has five exempt officers and no additional employees and Corporation B has two exempt officers and one additional employee. Under both the superior court and appellate division interpretations of OCGA § 34-9-2.1 (a) (3), Corporation A would be exempt from the Act and Corporation B would not, because only Corporation A has *no* covered employees. But according to the superior court's interpretation, Corporation A could subsequently hire two additional employees, creating a five-officer, two-employee corporation, and *still* not be subject to the Act, while Corporation B, with its two officers and one employee, remains subject to the Act because it failed to attain "no covered employee" status at any time. The General Assembly certainly did not intend such an illogical result, and a plain reading of the statute does not otherwise compel that result. It follows that the superior court erred in failing to include Wiggins as an "employee" for purposes of applying the minimum employee rule of OCGA § 34-9-2 (a).

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED JUNE 5, 2001.

*Buzzell, Graham & Welsh, David C. Bowers, Jr.,* for appellant.
*Ham, Jenkins & Wangerin, Phillip B. Ham, Kevin A. Wangerin,* for appellee.

---

[3] (Emphasis in original.)