A03A2122. HIGH VOLTAGE VENDING, LLC v. ODOM.
(597 SE2d 428)

MIKELL, Judge.

High Voltage Vending, LLC ("High Voltage") challenges the superior court's denial of its appeal from a decision of the State Board of Workers' Compensation (the "Board"). We granted High Voltage's discretionary application to consider whether the trial court erred in ruling that High Voltage was provided adequate notice of the hearing in compliance with OCGA § 34-9-102 (a), which provides that "no hearing [on a workers' compensation claim] shall be scheduled less than 30 days nor more than 90 days from the date of the hearing notice."

> On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses. Furthermore, in reviewing a workers' compensation award, both this [C]ourt and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division.

---

[15] See *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984) (burden of proof is on state).

(Citations and punctuation omitted.) *Satilla Regional Med. Center v. Dixon*, 238 Ga. App. 619, 620 (1) (518 SE2d 723) (1999).

So viewed, the evidence shows that Ennis G. Odom sustained injuries to his hand, arm, back, and foot when he fell from a ladder while performing construction work at the You're In Luck Coffee Shop on May 4, 2001. On June 7, Odom filed a WC-14 request for hearing on his claim for benefits, listing his employer as Cornetta Enterprises d/b/a High Voltage Vending, LLC, with an address of 1413 B. Rocky Creek Road, Macon, Georgia. Odom contends that a hearing was originally scheduled for June 27, 2001, and that appropriate notice was supplied to Cornetta Enterprises; however, the record does not contain evidence of such notice, and we are unable to consider documents attached to appellate briefs. Court of Appeals Rule 23 (f). On September 13, 2001, Odom filed a request to add the following employers: You're In Luck Coffee Shop, Cornetta Enterprises d/b/a Club Exotica, High Voltage Vending, LLC, and John Cornetta. The administrative law judge ("ALJ") issued an order on September 26, 2001, adding You're In Luck Coffee Shop, Cornetta Enterprises d/b/a Club Exotica, and John Cornetta as parties. The order listed High Voltage in the case style as an employer and notified the newly added parties of "the hearing which has already been scheduled" on October 15, 2001. Cornetta Enterprises was listed with an Atlanta address in the order and notice of hearing, but High Voltage had the same incorrect Macon address as on the earlier WC-14. The notice mailed to High Voltage was returned as undeliverable.

Following a hearing at which High Voltage was not represented, the ALJ issued an award that listed "High Voltage, LLC d/b/a You're In Luck Coffee Shop," as an employer and ordered it to pay benefits to Odom. In that order, the ALJ found that although notice of the hearing sent to High Voltage was returned as undeliverable, there was evidence of the following: that John Cornetta was president and a part owner of High Voltage; that he had been subpoenaed to the hearing; that the mailing address of High Voltage d/b/a You're In Luck Coffee Shop was the same as Cornetta Enterprises; and that notice mailed to Cornetta Enterprises was not returned. Based on those findings, the ALJ concluded that High Voltage received adequate notice of the hearing through its president and 50 percent owner. The appellate division of the Board adopted the award of the ALJ as its own.

In its order dismissing High Voltage's appeal of the Board's decision, the superior court found that the notice given to High Voltage was adequate under OCGA § 34-9-102 (a). According to the order, the court based its decision on the following evidence: a Georgia Lottery application listing John Cornetta as president and 50 percent owner of High Voltage; Cornetta's business card which lists High

Voltage and several other businesses on the back; and the fact that Cornetta Enterprises and High Voltage share a mailing address.

High Voltage appeals, arguing that the superior court erred in finding that it was given adequate notice of the hearing; however, it does not challenge the notice provided to Cornetta and Cornetta Enterprises. Construing the evidence contained in the record before us in the light most favorable to Odom as the prevailing party, we find some evidence to support the Board's finding that High Voltage was provided with adequate notice. See generally *Medders v. Smith*, 245 Ga. App. 323, 326 (1) (537 SE2d 153) (2000).

Furthermore, we are persuaded by Odom's argument that, because High Voltage failed to maintain a current address with the Board in violation of OCGA § 34-9-102 (i), it cannot argue that it was denied proper notice. In *American Mobile Imaging v. Miles*, 260 Ga. App. 877 (581 SE2d 396) (2003), we reasoned that

> OCGA § 34-9-102 (i) requires employers to maintain a current address with the State Board of Workers' Compensation and provides that "any notice required by this chapter shall be satisfied by the mailing of the notice to the address of record." Such statute, which focuses on the mailing of notice rather than actual receipt, does not violate due process. . . . [D]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

(Footnote omitted.) Id. at 878. There is nothing in the record demonstrating that High Voltage maintained a current address with the Board as required by the statute.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 3, 2004 —<br>RECONSIDERATION DENIED MARCH 25, 2004 —

*Benedict & Spiegel, Jodi A. Spiegel*, for appellant.
*Marcus & Jones, Steven E. Marcus*, for appellee.