**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 15, 2018**

# In the Court of Appeals of Georgia

A18A0552. STARWOOD HOTELS & RESORTS et al. v. LOPEZ.

RICKMAN, Judge.

In this workers' compensation action, claimant Mariana Marcel Lopez sought a reinstatement of temporary total disability benefits from her former employer Starwood Hotels & Resorts Worldwide, Inc., and its insurance company, American Zurich Insurance Company c/o Sedgwick CMS (collectively "Starwood"), alleging that she had suffered a change in condition for the worse. The administrative law judge ("ALJ") issued an award granting Lopez temporary total disability benefits and also concluding that Starwood's request for a hearing amounted to a controvert of the claim, entitling Lopez to choose her own treating physician, with Starwood liable for the payment of all outstanding and reasonable necessary medical expenses. Starwood appealed the award to the Appellate Division of the State Board of Workers'

Compensation (the "Board") and the Board affirmed the award of temporary total disability benefits. However, the Board reversed the finding of the ALJ that Lopez was entitled to choose her own physician and, accordingly, found that Starwood was not liable for the medical expenses from unauthorized providers.

Lopez appealed the Board's decision reversing the ALJ's finding that she was entitled to choose her own physician to the superior court. The superior court affirmed the award of temporary total disability benefits, but reversed the Board's finding that because Starwood controverted the claim, the employee was entitled to treatment from a physician of her choice with Starwood liable for all outstanding medical bills. We granted Starwood's application for discretionary review and, for the following reasons, we affirm in part and reverse in part.

In reviewing a workers' compensation award, this Court must construe the evidence in the light most favorable to the party prevailing before the appellate division. In addition, the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and neither the superior court nor this Court may substitute itself as a factfinding body in lieu of the State Board. But erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to a de novo standard of review.

(Citation and punctuation omitted.) *The Medical Center v. Hernandez*, 319 Ga. App. 335-336 (1) (734 SE2d 557) (2012).

So construed, the record shows that Lopez worked as a banquet server at a hotel owned by Starwood. On July 6, 2014, Lopez slipped and fell on her elbow. Although Lopez experienced pain in her elbow, she did not seek immediate medical attention because she thought the problem would resolve itself. A few days after the accident, the employee's supervisor insisted that she see a doctor.

Lopez was shown the approved panel of physicians by the director of Human Resources for Starwood and she initially went to a medical center where it was confirmed that she suffered a right elbow fracture. Lopez then followed up with an approved orthopedic specialist ("the treating physician") who treated her with painkillers, a sling, and physical therapy. Lopez's condition improved and in November 2014, the treating physician authorized her return to full duty work. Starwood paid Lopez temporary total disability benefits for the period of July 13, 2014 through November 24, 2014.

When Lopez returned to work, the hotel had changed management from Starwood to Expotel Hospitality Services, LLC.[1] Lopez was assigned to a different

---

[1] Expotel is not a party to this appeal.

position which required fewer physical duties. However, Lopez experienced pain in her right elbow and, in July 2015, stopped working due to the severity of the pain. While working for Expotel, Lopez began treatment with two physicians she selected herself without approval from Starwood or Expotel.

On June 29, 2015, Lopez sought the reinstatement of temporary total disability benefits from Starwood as a result of her July 2014 injury. Subsequently, in January 2016, Starwood filed a WC-14 hearing request, seeking a determination as to whether it was still liable for benefits.[2]

Following a hearing, the ALJ found that Lopez suffered a change in condition for the worse and issued an award granting her total temporary disability benefits. Additionally, the ALJ concluded that Starwood's WC-14 hearing request amounted to a controvert of the claim, entitling Lopez to choose her own treating physician effective the date of the filling of the hearing request, with Starwood liable for the payment of all outstanding and reasonably necessary medical expenses.

---

[2] This filing is not included in the record but the ALJ took judicial notice of the document. In its brief on appeal, Starwood challenged the existence of the document because it is not in the record, but appeared to concede the point at oral argument. Regardless, the argument lacks merit. In its award, the ALJ clearly stated that it was taking judicial notice of Starwood's WC-14 hearing request. See OCGA § 24-2-201 (c) ("A court may take judicial notice, whether or not requested by a party.").

Starwood appealed this award to the Board. The Board agreed with the ALJ's finding that Lopez experienced a change in condition for the worse. However, the Board concluded that the ALJ erred by finding that Starwood's WC-14 request for an opportunity to prove that it was no longer responsible for benefits amounted to a controvert of the claim. Specifically, the Board highlighted that Starwood "did not controvert medical treatment, nor did it otherwise deny any request by [Lopez] for additional treatment from an authorized provider."

Lopez appealed the Board's award to the superior court. In an order drafted by Lopez's counsel, the superior court affirmed the finding of both the ALJ and the Board that Lopez suffered a change in condition for the worse. The superior court noted that it was applying a de novo standard of review to the issue of whether the WC-14 hearing request filed by Starwood constituted a controvert of Lopez's claim. The court then reversed the Board's decision, finding that Starwood did controvert the claim and thus Lopez was entitled to treatment from a physician of her choice and Starwood was liable for all outstanding medical bills since the date of Starwood's filing of the WC-14 hearing request.

1. In several enumerated errors, Starwood contends, inter alia, that the superior court erred by concluding that Lopez was entitled to choose her own physician and

5

that Starwood was liable for all of her outstanding medical bills since the date of the filing of its WC-14 hearing request. Specifically, Starwood argues that the superior court was without authority to substitute its own its own findings and/or judgment for that of the Board. We agree.

"The role of the superior court in reviewing a decision from the [Board] . . . is not to return to the original findings of the ALJ and evaluate whether that decision was supported by a preponderance of the evidence, but to review the [Board's] order and make a determination as to whether it is supported by any evidence." *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997). "If the [Board's] reweighing of the evidence led to a conclusion different from that reached by the ALJ, the superior court is obligated to affirm it if there is any evidence to support it." Id.

The record supports the Board's findings that Starwood never controverted medical treatment, denied any request by Lopez for additional treatment, or obstructed any attempt by Lopez to get any treatment from an authorized provider. Additionally, the record supports the Board's finding that the WC-14 hearing request was "an opportunity to prove that it was no longer responsible for benefits [which] is not the equivalent of denying benefits in the absence of any evidence that benefits

6

were actually denied." Accordingly, the superior court erred in reversing the Board by concluding that Lopez was entitled to treatment from a physician of her choice and that Starwood was liable for all outstanding medical bills since the date of Starwood's filing of the WC-14 hearing request. See *Medders v. Smith*, 245 Ga. App. 323, 326 (1) (537 SE2d 153) (2000); see also *Owens-Brockway Packaging*, 227 Ga. App. at 111.

2. Starwood contends that the award of temporary total disability payments to Lopez should be reversed. Specifically, Starwood argues that the ALJ, the Board, and the Superior Court did not consider whether Lopez's treatment with unauthorized physicians was the cause of her disability. However, this argument was not raised in any court below.

> It is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may [a defendant] alter the course of its arguments mid-stream, raising issues on appeal that were not raised before the [ALJ, the Board, or the superior court].

(Citations and punctuation omitted.) *American Academy of General Physicians v. LaPlante*, 340 Ga. App. 527, 529 (1) (798 SE2d 64) (2017). Accordingly, this

7

argument lacks merit. See *American Academy of General Physicians*, 340 Ga. App. at 529 (1).

*Judgment affirmed in part; reversed in part. McFadden, P. J., and Ray, J., concur.*