A95A0934. DASHER v. CITY OF VALDOSTA.
(457 SE2d 259)

BLACKBURN, Judge.

We granted Julian Dasher's application for discretionary review to determine whether the superior court erred in affirming the award of the appellate division of the State Board of Workers' Compensation.

Dasher was employed with the City of Valdosta (the City) as a landfill operator and foreman at one of the City's landfills. On April 22, 1992, Dasher aggravated his pre-existing degenerative back condition when the tractor he had been driving ran into a ditch and he was forcibly thrown into its steering wheel. It is undisputed that this accident and Dasher's back injury arose out of and in the course of his

employment. Although Dasher experienced pain in his lower back which radiated into his left leg as a result of the accident, he continued to work and operate heavy equipment until April 24, 1992, the date of the scheduled closing of the landfill. Dasher's position was eliminated as a result of the closing of the landfill and prior to the accident, he decided to retire rather than accept a comparable position at another landfill at a reduced salary. Since his retirement, Dasher has worked in his landscaping business performing the same type of work and operating the same type of equipment that he operated while employed with the City.

Following an administrative hearing, an administrative law judge (ALJ) denied Dasher's claim for total disability benefits and assessed attorney fees but awarded him medical expenses for the treatment of his injury. The ALJ found that Dasher had not shown that he was unable to procure remunerative employment at a different occupation suitable to his impaired capacity and therefore had not shown that he was disabled as a result of the work-related injury. The ALJ further found that the City did not defend the claim and did not fail to comply with OCGA § 34-9-221 without reasonable grounds. Both the Board and the Superior Court of Lowndes County affirmed the decision of the ALJ. This appeal followed. In two separate enumerations of error, Dasher maintains that the superior court erred in affirming the Board's denial of total disability benefits and denial of assessed attorney fees.

1. "The law is well established that a finding of fact by the full board, when supported by any evidence, is conclusive and binding upon the court, and neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board." (Punctuation omitted.) *Watson v. Universal Ceramics*, 209 Ga. App. 135, 137 (433 SE2d 104) (1993). "Regardless of what our findings would be if we were the factfinders, upon appeal, the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court." (Citations and punctuation omitted.) *A & P Transp. v. Warren*, 213 Ga. App. 60, 62 (443 SE2d 857) (1994).

In all claims for compensation under Georgia's Workers' Compensation Act, the employee must carry the burden of proof and show that he sustained a disabling injury arising out of and in the course of his employment entitling him to compensation. *Scandrett v. Talmadge Farms*, 174 Ga. App. 547 (1) (330 SE2d 772) (1985). An employee is entitled to total disability benefits under OCGA § 34-9-261 if the employee can show by a preponderance of credible evidence that he or she has experienced a "loss of *earning capacity due to the injury* and not due to the employee's unwillingness to work or to eco-

nomic conditions of unemployment." (Punctuation omitted.) Id. at 549. " 'The incapacity is total so long as the injured employee, by reason of and on account of his injury, is unable to do any work of any character. . . .' " *City of Augusta v. Rosier,* 119 Ga. App. 192, 193 (1) (166 SE2d 378) (1969).

The evidence viewed in the light most favorable to the City, the prevailing party before the Board, shows that the April 22, 1992 injury did not render Dasher totally disabled. Dasher continued to operate heavy equipment after the work-related accident during his employment with the City and in his own landscaping business. Additionally, the medical evidence in the record shows that Dasher is partially disabled as a result of the April 22, 1992 accident but does not indicate that Dasher has been totally disabled since he voluntarily retired from working with the City. In fact, Dasher's decision to retire was based primarily on the lower salary associated with the proffered position and the anticipated effect of the salary upon his entitlement to social security benefits. The evidence of record demonstrates Dasher's ability to work in some capacity and refutes his assertion that he is totally disabled. Although the ALJ and the Board applied an incorrect legal theory and based its denial of benefits on Dasher's failure to seek suitable remunerative employment relying on our decision in *Employers Liability Assurance Co. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681) (1955), which is applicable when an employee is seeking a change of condition, a judgment of the superior court should be affirmed if it is right for any reason. *Dart Container Corp. v. Jones,* 209 Ga. App. 331 (433 SE2d 417) (1993).

2. An employee is entitled to assessed attorney fees if the Board determines that a claim has been defended without reasonable grounds and if an employer unreasonably fails to comply with any provision of OCGA § 34-9-221. OCGA § 34-9-108. In light of the fact that Dasher has not shown that he is entitled to total disability benefits, and the City prevailed on its defense in this claim, it cannot be said that the City defended these administrative proceedings without reasonable grounds. *City of Atlanta v. Spearman,* 209 Ga. App. 644 (2) (434 SE2d 87) (1993). In addition, since Dasher has not shown that he is entitled to total disability benefits, the City did not violate OCGA § 34-9-221 in failing to commence these benefits earlier.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 27, 1995.

*Reginald C. Wisenbaker, Gary M. Wisenbaker,* for appellant.
*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, George*

*T. Talley, Edward F. Preston,* for appellee.