A03A0018. AMERICAN MOBILE IMAGING, INC. et al. v. MILES.
(581 SE2d 396)

RUFFIN, Presiding Judge.

American Mobile Imaging, Inc. ("American Mobile") and Fireman's Fund Insurance Company ("Fireman's Fund") moved the superior court to set aside an award of workers' compensation benefits to Kathleen Miles, asserting that they did not "receive[ ] proper notice of the request for a hearing or notice of hearing." The superior court denied the motion, and we granted American Mobile/Fireman's Fund's application for discretionary appeal. For reasons that follow, we affirm.

The record reveals that, on November 21, 2001, Miles filed a request for a workers' compensation hearing and listed American Mobile as the employer. The State Board of Workers' Compensation scheduled a hearing in the matter, and a secretary at the State Board mailed hearing notices to American Mobile and Fireman's Fund, the workers' compensation insurance provider.

Although the secretary evidently mailed the hearing notices to the correct addresses,[1] she did not send the notices via certified mail. And employees of American Mobile and Fireman's Fund aver that they never received any notice. Thus, neither American Mobile nor Fireman's Fund appeared at the hearing. After the State Board of Workers' Compensation awarded benefits to Miles, American Mobile and Fireman's Fund moved to set aside the award. The two compa-

---

[1] We note that neither American Mobile nor Fireman's Fund contends that the State Board mailed the notice to an incorrect address.

nies argue that the lack of notice constitutes a nonamendable defect, which warrants setting aside the award. We disagree.

OCGA § 34-9-102 (i) requires employers to maintain a current address with the State Board of Workers' Compensation and provides that "[a]ny notice required by this chapter shall be satisfied by the mailing of the notice to the address of record." Such statute, which focuses on the mailing of notice rather than actual receipt, does not violate due process.[2] As this Court recently noted,

> [d]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Applying that standard, courts have found first-class mail sufficient to meet due process requirements despite contentions that the notices were never received.[3]

It is true that "[a] judgment or order based upon a trial or hearing entered against a party without notice to that party of the trial or hearing is subject to a motion to set aside where the lack of notice appears on the face of the record."[4] Again, however, the relevant Code section expressly provides that the notice requirement is satisfied by "mailing" such notice, and it does not require that notice be sent via certified mail.[5] Thus, we find that mailing notice, via first class mail, is sufficient.[6] Accordingly, we cannot conclude that the failure of a party to actually *receive* the notice constitutes a nonamendable defect. And the cases cited by American Mobile/Fireman's Fund do nothing to dissuade us, as none construes a statute analogous to OCGA § 34-9-102 (i).[7]

American Mobile/Fireman's Fund also argue that a different rule is required because American Mobile is a nonresident employer. Specifically, American Mobile/Fireman's Fund assert that OCGA § 34-9-102 (j) mandates that a nonresident party be served via certified mail or statutory overnight delivery. Pretermitting whether the State Board of Workers' Compensation should have notified American Mobile in this fashion, we find no basis for reversal. OCGA § 34-9-1

---

[2] See *Dillard v. Denson*, 243 Ga. App. 458, 461 (533 SE2d 101) (2000).

[3] (Punctuation and footnotes omitted.) Id.

[4] *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980).

[5] See OCGA § 34-9-102 (i). Compare OCGA § 34-9-102 (j) (3) (expressly requiring notice be sent by certified mail).

[6] See *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 743-746 (1) (258 SE2d 554) (1979) (notice given when award properly posted, not when award received).

[7] See *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 897-898 (424 SE2d 71) (1992) (construing notice under Civil Practice Act); *Housing Auth. of Atlanta v. Parks*, 189 Ga. App. 97, 98 (374 SE2d 842) (1988) (same).

(3), which defines "employer," provides that "[i]f the employer is insured, this term shall include [the] insurer as far as applicable." Thus, notice to either the employer or insurer serves as notice to the other.[8] In this case, although American Mobile is a nonresident, Fireman's Fund, which has a Georgia address, is a resident. Accordingly, the notice mailed to Fireman's Fund constituted sufficient notice for both the employer and insurer.[9] It follows that the trial court did not err in denying the motion to set aside filed by American Mobile/Fireman's Fund.[10]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003 — 

*Drew, Eckl & Farnham, Gary R. Hurst, Amy B. Siegel*, for appellants.

*Craig A. Webster*, for appellee.

---

[8] See *Royal Globe Indem. Co. v. Thompson*, 123 Ga. App. 268 (1) (180 SE2d 576) (1971) (notice to employer serves as notice to insurer).

[9] See id.

[10] See *Davis v. Butler*, 240 Ga. App. 72, 77-78 (2) (522 SE2d 548) (1999); *East India Co. v. Marsh & McLennan, Inc.*, 160 Ga. App. 529, 530-531 (1) (287 SE2d 574) (1981).