### A03A0072. SAXTON v. DAVIS.
(584 SE2d 683)

RUFFIN, Presiding Judge.

Following an automobile collision, Randall Saxton sued Samuel Davis, seeking money damages. Saxton dismissed the complaint without prejudice and filed a renewal action. After Saxton was unable to locate Davis, the trial court ordered service by publication, which service was perfected. Davis then answered the suit, asserting insufficient service of process as a defense. Davis moved to dismiss the complaint, and the trial court granted the motion. Specifically, the trial court found that Saxton failed to obtain in personam jurisdiction over Davis and that Saxton was guilty of laches, and this appeal ensued. For reasons that follow, we affirm.

The relevant facts demonstrate that Saxton filed suit against Davis in June 1999, and he also served the complaint on his uninsured motorist insurer, Auto Owners Insurance Company ("Auto Owners"). Davis failed to timely file his answer, and a default judgment was issued against him on the issue of liability. However, with Saxton's consent, the trial court vacated the default judgment.

Davis moved shortly thereafter, and neither Saxton nor Auto Owners, who had undertaken Davis' defense, was able to locate him for the purpose of taking his deposition. According to Saxton, in April 2001, the trial court granted a continuance to allow the parties to locate Davis. When Saxton sought a second continuance in July 2001, Auto Owners opposed the request, citing, in part, its inability to locate Davis "despite several skip trace efforts." Evidently, the trial court denied Saxton's request for a continuance.

Saxton elected to dismiss his suit, and he filed a renewal action in January 2002. Although Saxton served Auto Owners, he was unable to locate Davis, and service of process was returned, undelivered. Saxton obtained a private investigator who also attempted to locate Davis to no avail. Thus, in February 2002, Saxton petitioned the court for service by publication. The trial court granted the petition, finding that Saxton had acted with due diligence in trying to locate Davis.

Auto Owners answered the complaint and filed a cross-claim against Davis. Davis learned of the suit and, in March 2002, answered the renewal action, asserting insufficiency of process as a defense. Because the statute of limitation had lapsed, Davis maintained that any suit against him was barred.

In April 2002, Davis filed a motion to dismiss, which Auto Owners subsequently joined. In an affidavit, an attorney for Auto Owners averred that he located Davis with little difficulty in May 2002. Starting with the police report from the original accident, the attorney contacted the city court and probation services and obtained a contact number for Davis. From the contact, the attorney was given the address where Davis had lived for three years.

Saxton's attorney claims that he never received the motions to dismiss filed by Davis and Auto Owners. Thus, Saxton failed to respond. In an order dated July 17, 2002, the trial court granted "Defendant's Motion to Dismiss." On appeal, Saxton argues that the trial court erred in: (1) granting Davis' motion to dismiss; (2) finding him guilty of laches; and (3) granting Auto Owners' motion to dismiss. We address each argument in turn.

1. Saxton does not contend that he ever properly served Davis in the renewal action for the purpose of establishing personal jurisdiction. Indeed, notice by publication is insufficient to confer personal jurisdiction.[1] Saxton instead argues that the trial court erred in granting Davis' motion to dismiss because he never received notice that the motion had been filed. According to Saxton, anything short of actual notice offends due process. We disagree.

As this Court recently reiterated,

> due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Applying that standard, courts have found first-class mail sufficient to meet due process requirements despite contentions that the notices were never received.[2]

Under OCGA § 9-11-5 (b), the service of pleadings upon the attorney for a party "shall be made by delivering a copy to him or by mailing it to him at his last known address." According to Saxton's attorney, his address of record was a post office box in Covington, Georgia. The certificates of service attached to the motions to dismiss

---

[1] See *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (1) (508 SE2d 450) (1998).

[2] (Punctuation omitted.) *American Mobile Imaging v. Miles*, 260 Ga. App. 877, 878 (581 SE2d 396) (2003).

demonstrate that the motions were mailed to the Covington address. Such mailing satisfies due process requirements, and[3] actual receipt is not required.[4] It follows that this claim of error presents no basis for reversal.

2. In a separate enumeration of error, Saxton contends the trial court erred in finding him guilty of laches. "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation[ ] is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[5]

Here, in ruling on whether Saxton was guilty of laches, the trial court was presented with evidence that Auto Owners' attorney was able to locate Davis with little difficulty after receiving his motion to dismiss. And Saxton, who failed to file a response brief, provided no evidence to demonstrate that he acted with due diligence. Under these circumstances, we cannot say that the trial court abused its discretion in finding Saxton guilty of laches.

Even if Saxton had presented evidence to the trial court, the outcome would not be different. When Davis answered Saxton's complaint, he asserted insufficient service of process as a defense.

[O]nce a plaintiff learns about a problem perfecting service, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service. The plaintiff bears the burden of showing the necessary diligence and must provide specific dates and details regarding his efforts to perfect service.[6]

In his brief, Saxton points to facts establishing that he acted with due diligence in attempting to serve Davis. Specifically, Saxton's attorney claims that, after receiving the answer, he called Davis' attorney to discover the defendant's whereabouts. According to Saxton's attorney, Davis' counsel claimed not to know where his client lived. Saxton evidently made no further effort to locate Davis until after the trial court granted Davis' motion to dismiss. We fail to see how this one phone call constitutes "the greatest possible due diligence."

---

[3] See id.; *Allen v. Bd. of Tax Assessors of Paulding County*, 247 Ga. 568, 569 (277 SE2d 660) (1981).

[4] See id.

[5] (Punctuation omitted.) *Bailey v. Bailey*, 252 Ga. App. 175, 176 (1) (555 SE2d 853) (2001).

[6] (Punctuation and footnote omitted.) *Carter v. McKnight*, 260 Ga. App. 105, 106 (2) (578 SE2d 901) (2003).

3. Finally, Saxton argues that the trial court erred in dismissing Auto Owners. But it does not appear from the trial court's order that it intended to dismiss Auto Owners. That court's order, which is styled "Order Granting Defendant's Motion to Dismiss," refers to the defendant in the singular rather than plural. And the reasoning employed in the order focuses solely on Saxton's failure to serve Davis, not Auto Owners. Under these circumstances, we cannot address Auto Owners' arguments on appeal as those issues are not properly before us.[7]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JULY 1, 2003.

*Ballard, Stephenson & Waters, Eugene D. Butt,* for appellant.
*Lander & Osborne, Kenneth J. Lander, Hammond, Carter & Watson, A. Cullen Hammond,* for appellee.

---

[7] See *Aukerman v. Witmer,* 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002) ("This court . . . 'will not consider arguments neither raised nor ruled on in the trial court. . . .'").