A04A1803. LONGUEPEE et al. v. GEORGIA INSTITUTE OF TECHNOLOGY.
(605 SE2d 455)

ANDREWS, Presiding Judge.

While Susan Longuepee was walking to work from an employer-owned parking facility where she parked her car for ingress to work, she was struck by a vehicle owned and operated by her employer, the Georgia Institute of Technology. She and her husband sued Georgia Tech under the Georgia Tort Claims Act for personal injury and loss of consortium. The trial court granted summary judgment in favor of Georgia Tech ruling that the accidental injury was compensable under the Workers' Compensation Act (WCA), OCGA § 34-9-1 et seq., and that the exclusive remedy was a claim under the WCA. For the following reasons, we agree and affirm.

Where an employee has suffered an accidental injury compensable under the WCA, "[the WCA] shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service, or death." OCGA § 34-9-11 (a). The WCA provides compensation to an employee injured in an accident arising out of and in the course of employment. OCGA § 34-9-1 (4). Thus, if Longuepee's accidental injury was compensable under the WCA because it arose out of and in the course of her employment, her exclusive remedy was under the WCA and the trial court correctly dismissed her tort claim for personal injury and her husband's derivative tort claim for loss of consortium. *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985).

The record shows that Longuepee's injury arose out of and in the course of her employment. Longuepee was employed by Georgia Tech at the School of Biology located on the Tech campus. In connection with her employment, Georgia Tech provided Longuepee with space to park her car in a parking facility owned and controlled by Tech and located on the Tech campus about three blocks from the building where she worked. On the morning of the accident, Longuepee parked her car in the parking facility at about 7:15 a.m. and started to walk

from the parking area to her work place where she was scheduled to start work at 7:30 a.m. During the walk to work, Longuepee was struck by a Georgia Tech owned and operated vehicle as she attempted to cross a public street which traversed her route.

The general rule is that an accidental injury which occurs while an employee is traveling to or from work does not arise out of or in the course of employment, and therefore the injury is not compensable under the WCA. *Tate v. Bruno's, Inc. &c.*, 200 Ga. App. 395, 396 (408 SE2d 456) (1991). However, a so-called "parking lot" exception to the general rule applies where, during ingress to or egress from work, an employee is injured going to or from a parking facility owned, controlled, or maintained by the employer. *Harrison v. Winn Dixie Stores*, 247 Ga. App. 6, 7-8 (542 SE2d 142) (2000); *Tate*, 200 Ga. App. at 396-397. Under these circumstances, the injury is deemed to be compensable under the WCA as arising out of and in the course of the employment. Id. The rationale for this exception is that such an employer-furnished parking facility is part of the employer's premises, and that the period of employment includes a reasonable period of time necessary for the employee to travel directly to the place of work from the parking facility. *Knight-Ridder Newspaper Sales v. Desselle*, 176 Ga. App. 174, 175 (335 SE2d 458) (1985); *Tate*, 200 Ga. App. at 397. For the exception to apply, the parking facility need not be directly adjacent to the employee's place of work, nor does it matter that, in this case, Longuepee was injured on a public street rather than on a portion of the employer's premises. See *Desselle*, 176 Ga. App. at 175. What is important is that, when Longuepee was injured, she was headed directly to work from the parking facility on a route which required her to cross the street. Id.

Longuepee contends that the "parking lot" exception does not apply in this case because, instead of walking, she could have traveled the three blocks from the parking facility to work on a bus which Georgia Tech operated on its campus. According to Longuepee, when she chose for personal health reasons to exercise by walking the three blocks to work, she was on a personal mission unrelated to work, and therefore the accidental injury she suffered while walking did not arise out of or in the course of her employment. There is no evidence that Georgia Tech required or expected Longuepee to take the bus, so whether to take the bus or walk from the parking facility was Longuepee's choice, and either means of ingress provided a reasonably direct route to work from the parking facility. Evidence that Longuepee chose to walk the three blocks because she personally benefitted from the exercise does not establish that she deviated from employment related ingress to work from the parking facility and was

on a purely personal mission at the time of the accident. See *Chandler v. Gen. Accident Fire & Life Assurance Corp.*, 101 Ga. App. 597 (114 SE2d 438) (1960).

Under the above facts, ingress to work from the parking facility was a necessary incident of Longuepee's employment, and the injury she suffered during ingress had its origin in a risk associated with employment. *United States Cas. Co. v. Russell*, 98 Ga. App. 181, 184 (105 SE2d 378) (1958); *Fed. Ins. Co. v. Coram*, 95 Ga. App. 622, 624 (98 SE2d 214) (1957). Accordingly, the accidental injury which occurred during the ingress was compensable under the WCA because it arose out of and in the course of Longuepee's employment. *Russell*, 98 Ga. App. at 184. The trial court correctly granted summary judgment to Georgia Tech because Longuepee's exclusive remedy was under the WCA.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 5, 2004.

*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer, Kenneth B. Crawford*, for appellants.

*Eve A. Appelbaum, Paul A. Henefeld*, for appellee.