A07A1116. RENU THRIFT STORE, INC. et al. v. FIGUEROA.
(649 SE2d 528)

BLACKBURN, Presiding Judge.

In this discretionary appeal, Renu Thrift Store, Inc. and its insurance company (collectively "Renu") appeal a superior court order affirming an order of the State Board of Workers' Compensation (the "Board"), which denied in part Renu's request for reimbursement of benefits Renu overpaid to Deisy Figueroa and awarded Figueroa

---

[17] *Morgan v. State,* 275 Ga. 222, 227 (10) (564 SE2d 192) (2002).

attorney fees. Renu contends that the superior court erred in affirming the Board's ruling (1) by interpreting OCGA § 34-9-245 as barring Renu from obtaining credit for overpayments made more than two years prior to its request for reimbursement, (2) by affirming the ruling that Renu's bi-weekly overpayments violated OCGA § 34-9-221 (b), and (3) by requiring Renu to pay attorney fees as a penalty for unilaterally suspending payments to Figueroa. For the reasons that follow, we affirm.

> [On appeal,] the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citation and footnote omitted.) *Trent Tube v. Hurston.*[1]

So viewed, the record shows that in September 2000, Figueroa was injured while working at Renu Thrift Store. Based on an error made by Renu, Renu began paying Figueroa temporary total disability payments based on an average weekly wage that was materially more than Figueroa's actual average. From September 2000 to March 2005, Renu paid Figueroa inflated benefits based on the incorrect wage figure, including one period, from November 2003 to January 2005, when the overpayments were erroneously doubled. Renu does not allege that Figueroa caused any of the overpayments. At various times, Renu paid Figueroa's benefits on either a weekly basis or a pro-rated bi-weekly basis.

After discovering the error, Renu filed on January 26, 2005, a WC-2 (Notice of Suspension of Benefits) form stating that Renu had overpaid Figueroa $9,280.49 in income benefits, which would be credited toward future permanent partial disability benefits. Renu filed an additional WC-2 form on February 11, 2005 stating that Renu would suspend benefits as of February 21, 2005, which it did. On April 19, 2005, Figueroa filed a motion requesting recommencement of benefits.

After Renu objected and ultimately requested reimbursement of $23,754, a hearing was held before an administrative law judge, who found that Renu was entitled to a credit for overpayment, but that the credit was limited by OCGA § 34-9-245 to payments made within the two years prior to Renu's request for reimbursement. Accordingly, the

---

[1] *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

ALJ denied Figueroa's request for recommencement of benefits, denied a request by Figueroa for attorney fees based on Renu's unilateral suspension of benefits, and granted Renu repayment in the amount of $2,981.39, based on its own calculations of Figueroa's correct benefit amount.

Both parties appealed to the Board, which affirmed the ALJ's ruling with respect to certain repayments of benefits to Renu, but assessed a 15 percent penalty against Renu for making its erroneous payments on a bi-weekly (not weekly) basis, and ordered Renu to pay $2,000 in attorney fees as a penalty for its unilateral suspension of Figueroa's benefits. Renu appealed to the superior court, which affirmed the Board's ruling, giving rise to Renu's application to this Court for discretionary appeal, which we granted.

1. Renu contends that the superior court erred in affirming the Board's ruling that OCGA § 34-9-245 bars Renu from obtaining credit for its prior overpayments made more than two years prior to its application for reimbursement. We disagree.

OCGA § 34-9-245 provides as follows:

> Should the board find that a claimant has received an overpayment of income benefits from the employer, for any reason, the board shall have the authority to order repayment on terms acceptable to the parties or within the discretion of the board. *No claim for reimbursement shall be allowed where the application for reimbursement is filed more than two years from the date such overpayment was made.*

(Emphasis supplied.) Renu argues that this two-year bar does not apply here, and relies instead on OCGA § 34-9-243 (a), which provides, in relevant part, as follows:

> The payment by the employer or the employer's workers' compensation insurance carrier to the employee . . . of any benefit when not due . . . during the employee's disability shall be credited against any payments of weekly benefits due; provided, however, that such credit shall not exceed the aggregate amount of weekly benefits due under this chapter.

Based on this language, Renu argues that it is entitled to a credit against future payments for *all* of the overpayments it made, on the theory that those excessive payments were made "when not due." However, this ignores the fact that OCGA § 34-9-245 "was intended

as a statute of repose." *Trax-Fax, Inc. v. Hobba.*[2] As such, with respect to overpayments, OCGA § 34-9-245 "destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action [for reimbursement] no longer exists." *Trax-Fax, Inc. v. Hobba,* supra, 277 Ga. App. at 467 (2) (a). Therefore, giving Renu *credit* for overpayments made more than two years prior to its request for reimbursement would allow offsets against future payments where there is no legally cognizable basis for reimbursement. This incongruous result ignores the "natural and most obvious import of" OCGA § 34-9-245, i.e., to provide certainty of knowing when past benefit payments are no longer subject to reimbursement claims. (Punctuation omitted.) *Trax-Fax, Inc. v. Hobba,* supra, 277 Ga. App. at 466 (2) (a). Allowing employers to reduce future benefit payments, when those benefits are due and undisputed, based on overpayments made outside the statutory period, would entirely frustrate this purpose. Accordingly, we hold that the superior court did not err in affirming the Board's ruling that Renu was not entitled to credit for overpayments when Renu's right to claim reimbursement no longer existed.

2. Renu also argues that the superior court erred in affirming the Board's assessment of a 15 percent penalty against Renu for Renu's failure to make benefit payments on a weekly basis, as required by OCGA § 34-9-221 (b). We disagree.

OCGA § 34-9-221 (b) provides that "benefits shall be due and payable in weekly installments," and subsection (e) provides that "[i]f any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits. . . ."

Here, the record shows that Renu calculated, albeit erroneously, that Figueroa's weekly benefit amount should be $160.01. Renu's record of payment shows that this benefit was initially paid weekly, as required by OCGA § 34-9-221 (b). However, during certain periods in 2002 to 2003, the benefit was paid on a bi-weekly basis, i.e., $320 every two weeks, and the record reveals no explanation or order addressing such a change. Accordingly, the Board assessed a penalty against Renu for those periods.

Renu argues that the bi-weekly payments were actually one timely payment and one early payment. However, OCGA § 34-9-221 (b) requires that, absent an alternative schedule approved by the Board, payments must be made in weekly installments, which Renu initially made. It is undisputed that Renu changed its payment schedule absent an order directing otherwise, and in light of the clear

---

[2] *Trax-Fax, Inc. v. Hobba,* 277 Ga. App. 464, 469 (2) (a) (627 SE2d 90) (2006).

statutory language requiring weekly payments, we cannot say that the Board erred in concluding that Renu failed to comply with the weekly payment requirement. See *Jackson v. Peachtree Housing &c. Indus.*[3] ("[a] finding of fact by the board, when supported by any evidence, is conclusive and binding upon the court, and a judge of the superior court does not have authority to set aside an award based on those findings of fact") (punctuation omitted). Accordingly, the Board was authorized to assess a 15 percent penalty for those weeks Renu failed to pay Figueroa's benefits weekly.

3. Finally, Renu argues that the superior court erred in affirming the Board's award of attorney fees to Figueroa based on Renu's unilateral suspension of benefits. Because the record supports the Board's findings, we must affirm the award.

OCGA § 34-9-108 (b) (2) provides as follows:

> If any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.

"This presents an issue of fact for determination by the board, and where there is any evidence to support the Board's award the court must affirm." (Citations and punctuation omitted.) *Richardson v. Air Products & Chem.*[4]

Here, the Board found that Renu's unilateral suspension of benefits without a Board order was unreasonable, because Renu's overpayments were made due to its own error. As the factual record supports this factual finding, we must affirm the Board's judgment.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JUNE 20, 2007 —
RECONSIDERATION DENIED JULY 10, 2007 — 

*Hamilton, Westby, Antonowich & Anderson, Steven A. Westby,* for appellants.

---

[3] *Jackson v. Peachtree Housing &c. Indus.*, 187 Ga. App. 612, 615 (2) (371 SE2d 112) (1988).
[4] *Richardson v. Air Products & Chem.*, 217 Ga. App. 663, 665 (458 SE2d 694) (1995).

*Ruben J. Cruz, Bryan M. Pritchett*, for appellee.