A08A2032. CLARKE v. COUNTRY HOME BAKERS et al.
(669 SE2d 177)

ELLINGTON, Judge.

In this workers' compensation action, the Superior Court of Fulton County affirmed the State Board of Workers' Compensation's denial of Nathan Clarke's claim for temporary total disability benefits. Clarke appeals,[1] contending the court erred in affirming the administrative law judge's ("ALJ") conclusion (which the Board had adopted) that he was excluded from receiving workers' compensation benefits. The ALJ reached that conclusion based on its finding that, at the time of Clarke's accident, he was a prison inmate working for a private employer through the Department of Corrections' work to release program and, thus, was not an "employee" under the Workers' Compensation Act, OCGA § 34-9-1 et seq. Finding no error, we affirm.

> On appeal, the factual findings of the State Board of Workers' Compensation must be affirmed by the superior court and by the Court of Appeals when supported by any evidence in the administrative record. However, erroneous

---

[1] This Court granted Clarke's application for discretionary review. OCGA § 5-6-35 (a) (1).

applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

(Citation, punctuation and footnote omitted.) *Renu Thrift Store v. Figueroa*, 286 Ga. App. 455, 456 (649 SE2d 528) (2007).

In its order, the ALJ made the following findings of fact, which are supported by evidence in the record. At the time of Clarke's accident, he was serving a six-year term of imprisonment for vehicular homicide and driving under the influence. After Clarke served about three years in prison, the Department of Corrections transferred him to another correctional facility, the Atlanta Transitional Center. The Department eventually allowed Clarke to participate in a work release program[2] as a trustee working for a private employer, Country Home Bakers. Under this arrangement, Clarke had to live at the transitional center, was required to use only public transportation, was subject to a curfew and random drug screens, and was required to eat all meals, except lunch, at the center. In addition, the Department had to approve the bakery as a place of employment for Clarke and had to approve his work hours and salary. All of Clarke's earnings were automatically deposited into his prison account, and the Department allowed him to withdraw a maximum of $35 per week.

On December 28, 2005, Clarke sustained serious injuries when he fell while working as a trustee at the bakery. Clarke was hospitalized for two weeks at Grady Memorial Hospital in Atlanta, after which the Department transferred him to Baldwin State Prison's infirmary. Clarke remained incarcerated at the prison until he was paroled in 2006.

St. Paul Travelers Insurance Company initially paid Clarke workers' compensation benefits following the accident. After Clarke was released from the hospital and the Department transferred him to the prison infirmary, however, the Department notified the company that Clarke was incarcerated and ineligible for workers' compensation benefits, and it refused to allow the company to provide any further case management or benefits to Clarke. After he was paroled, Clarke filed a workers' compensation claim seeking temporary total disability benefits. The ALJ denied the claim and the

---

[2] See OCGA § 42-5-59 (a) (authorizing the Department of Corrections to "extend the limits of the place of confinement of an inmate, if there is reasonable cause to believe the inmate will honor [the Department's] trust, by authorizing the inmate, under prescribed conditions, to work at paid employment . . . while continuing as an inmate of the institution to which he is committed").

VALUE LAW LIBRARY

appellate division affirmed the denial, and Clarke appealed to the superior court, which also affirmed the denial. This appeal followed.

Clarke argues that the ALJ erred in finding that he was not an "employee" of the bakery at the time of his accident and, thus, was not entitled to workers' compensation benefits. OCGA § 34-9-1 (2) defines "employee" under the Workers' Compensation Act and includes the following provision:

> *Inmates or persons participating in a work release program*, community service program, or similar program *as part of the punishment* for violation of a . . . state law shall not be deemed to be an employee while participating in work or training or while going to and from the work site or training site.

(Emphasis supplied.)

Clarke concedes that, at the time of his accident, he was an inmate of the Department of Corrections based upon his convictions for violating state laws and that he was participating in the Department's work release program pursuant to OCGA § 42-5-59 (a). Despite this, Clarke contends that his participation in the work release program was purely voluntary and not "part of [his] punishment," and, therefore, he was not subject to the exclusion in OCGA § 34-9-1 (2).

As the ALJ noted, however, Clarke

> chose to participate in a work release program as part of his punishment, rather than remain in a correctional facility where he could not leave, or remain in the portion of the Atlanta Transitional Center's work release program where he worked at state facilities or state-affiliated facilities, and was not paid.

Contrary to Clarke's arguments on appeal, the fact that he was able to make a few, very limited choices about how to spend his time while being punished for his crimes does not mean that, simply because he chose to participate in the work release program, his time spent working at the bakery was separate from his punishment. Instead, even when Clarke was physically at the bakery, he was still legally "confined" as an inmate. OCGA § 42-5-59 (a). Moreover, under the terms of the work release program, the Department retained tight control over Clarke as he exercised this limited privilege, and it could have unilaterally reduced or eliminated Clarke's work hours or salary, rescinded its approval of Clarke's or the bakery's participation in the work release program, or further restricted Clarke's privileges.

Thus, the ALJ did not err in finding that Clarke's participation in the work release program was "part of [his] punishment" and that, as a result, Clarke was not an "employee" of the bakery under OCGA § 34-9-1 (2). The trial court properly affirmed the order denying Clarke's claim for workers' compensation benefits.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED OCTOBER 17, 2008 —
RECONSIDERATION DENIED OCTOBER 30, 2008.

*Mark A. Skibiel, Morgan M. Cressman*, for appellant.
*Robert F. Hamilton*, for appellees.