## A11A2173. READY MIX USA, INC. et al. v. ROSS.

(726 SE2d 90)

MILLER, Judge.

Terrell B. Ross injured his back during the course of his employment with Ready Mix USA, Inc. a/k/a Aggregates USA ("Ready Mix") and filed a claim for workers' compensation benefits. Following a hearing at which Ready Mix and its insurer, Liberty Mutual Insurance Company ("Liberty Mutual"), failed to appear, an administrative law judge ("ALJ") of the State Board of Workers' Compensation (the "Board") awarded Ross temporary total disability ("TTD") benefits, authorized certain medical procedures, and ordered the assessment of attorney fees and litigation expenses in favor of Ross. After the Appellate Division of the Board adopted the ALJ's award, Ready Mix and Liberty Mutual (also collectively referred to as "Appellants") appealed to the Superior Court of Jones County. As a result of the superior court's failure to enter a timely decision, the Appellate Division's award was affirmed by operation of law.[1] See OCGA § 34-9-105 (b). We granted Appellants' application for discretionary appeal. On appeal, Ready Mix and Liberty Mutual contend that the superior court erred in failing to reverse the Appellate Division's adoption of the ALJ's award on the grounds that (1) Appellants were not provided with proper notice of the hearing; (2) the ALJ improperly admitted and considered Ross's medical records; (3) the ALJ improperly denied Appellants' motion to withdraw or amend their admissions; and (4) attorney fees and costs should not have been awarded in the absence of adequate notice. For the reasons set forth below, we affirm.

> On appeal from an award of the Appellate Division of the State Board of Workers' Compensation, this Court examines the record to see if there is competent evidence to support the award and construes the evidence in a light most favorable to the prevailing party. Further, it is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the [B]oard.

(Citation and punctuation omitted.) *Harris v. Peach County Bd. of Commrs.*, 296 Ga. App. 225 (674 SE2d 36) (2009).

Construed in the light most favorable to Ross, the evidence

---

[1] The superior court subsequently entered an untimely order affirming the Appellate Division's award.

demonstrates that Ross was employed by Ready Mix as a maintenance worker. On the day of his injury, December 28, 2009, Ross was using a sledgehammer to swing a heavy ball hooked to a crane when he started feeling pain and tightening in his back. Although Ross immediately reported the injury to his supervisor, he was not provided with Ready Mix's panel of physicians at that time. About a week later, when Ross began to feel pain emanating from his lower back, he again advised his supervisor about the December 28, 2009, injury. At that point, Ready Mix sent Ross for an evaluation, where Ross was diagnosed with lumbar and thoracic back strain caused by his work. The evaluating physician put Ross on restrictive duty at work and prescribed Ross with physical therapy and medication. A few weeks later, Ross selected and began seeing his primary authorized treating physician, who recommended that Ross undergo a cervical MRI. Ross's primary authorized treating physician subsequently referred Ross to an authorized orthopaedic spine specialist for further evaluation and treatment; the orthopaedic spine physician recommended that Ross receive facet injections in his lower back. Ross testified that the orthopaedic spine physician took Ross out of work completely as of May 28, 2010. A work status report completed on May 28, 2010, by the offices of Ross's orthopaedic spine physician indicated that Ross was totally disabled until his next doctor's appointment or pending the Board's approval for facet injections.

Ross requested a hearing and sought authorization of a cervical MRI and lumbar facet injections; TTD benefits beginning May 28, 2010; a 15% penalty for nonpayment; and assessment of attorney fees and litigation costs. Ross also served Ready Mix and Liberty Mutual with written discovery requests, including requests for admissions, interrogatories, and requests for production of documents. Pursuant to the notice of hearing, Ross's claim was heard before the ALJ on July 13, 2010. Neither Ready Mix nor Liberty Mutual appeared at the hearing; nor had they responded to Ross's discovery requests. Ross testified at the hearing that he was unable to work pending further treatment.

Following the hearing, Ready Mix and Liberty Mutual moved to vacate the hearing on the grounds that they were not provided with adequate notice and to also withdraw or amend their responses to Ross's requests for admissions. The ALJ issued a written order denying their motion and specifically finding that Ready Mix and Liberty Mutual were provided with proper notice of the hearing. The ALJ's order also found that Ross was entitled to authorization of a cervical MRI and lumbar facet injections and awarded him TTD benefits in the amount of $500 per week from May 28, 2010, as well as assessed attorney fees and litigation expenses.

1. Ready Mix and Liberty Mutual contend that the superior court erred in failing to reverse the Appellate Division's adoption of the ALJ's award because the record did not show that they were properly served with a hearing notice. We disagree.

"Any notice required by this chapter shall be satisfied by the mailing of the notice to the address of record[.]" OCGA § 34-9-102 (i). "Service upon a party or attorney of any form, document, or other correspondence shall be by electronic mail. Whenever electronic mail is not available, service shall be by U.S. Mail." Rules & Regulations of the State Board of Workers' Compensation, Rule 60 (j). This Court has concluded "that mailing notice, via first class mail, is sufficient . . . [and, thus,] the failure of a party to actually *receive* the notice [does not] constitute[ ] a nonamendable defect." (Punctuation and footnote omitted.) *American Mobile Imaging v. Miles*, 260 Ga. App. 877, 878 (581 SE2d 396) (2003).

Here, the record before the ALJ contained a copy of the "Notice of Hearing" (the "Notice"), which contained the claim number and the names and addresses of the employee, the employer, and insurer, and which stated the time and place of the hearing. The ALJ took judicial notice of the Notice. The hearing record reflects the following statement by Ross's counsel: "We confirmed that the address for the Employer and the address for the Insurer, Liberty Mutual, are the correct addresses, that all notices have been sent to the proper addresses and the Court's notice has been sent electronically to the insurance company properly." Ross's counsel also indicated that other than the insurance adjuster's authorization of three different doctors to treat Ross, she had received no contact from either Ready Mix or Liberty Mutual in response to Ross's various attempts to obtain discovery and other information. The evidence was closed at the end of the hearing.

In support of their contention that there was no evidence in the record showing that they were provided with proper notice, Ready Mix and Liberty Mutual aver that the ALJ's subsequent written order refers to specific materials that were not submitted at the hearing or otherwise before the evidence was closed. In his findings of fact, the ALJ specifically concluded that the Board's satellite office sent the Notice by electronic mail to Liberty Mutual at its correct e-mail address and by United States Mail to Ready Mix at its correct mailing address; the ALJ also found that the Notice mailed to Ready Mix was not returned. Notwithstanding the ALJ's reliance on additional documents not entered into evidence, we nevertheless construe the other evidence that was properly before the ALJ in the light most favorable to Ross as the prevailing party. See *High Voltage Vending v. Odom*, 266 Ga. App. 537, 538 (597 SE2d 428) (2004). So viewed, we conclude that the Notice itself, along with the statements

778

of Ross's counsel at the hearing, constituted some competent evidence to support the Board's finding that Ready Mix and Liberty Mutual were provided with adequate notice.[2] Cf. id.; *Bailey-Lewis-Williams of Ga., Inc. v. Thomas*, 103 Ga. App. 279, 280 (2) (119 SE2d 141) (1961).

2. Ready Mix and Liberty Mutual argue that the superior court erred in failing to reverse the Appellate Division's adoption of the ALJ's award, asserting that there was no properly admitted medical evidence showing that Ross was totally disabled as a result of his back injury. We disagree.

> In all claims for compensation under Georgia's Workers' Compensation Act, the employee must carry the burden of proof and show that he sustained a disabling injury arising out of and in the course of his employment entitling him to compensation. An employee is entitled to total disability benefits under OCGA § 34-9-261 if the employee can show by a preponderance of credible evidence that he or she has experienced a loss of earning capacity due to the injury and not due to the employee's unwillingness to work or to economic conditions of unemployment. The incapacity is total so long as the injured employee, by reason of and on account of his injury, is unable to do any work of any character.

(Citations and punctuation omitted.) *Dasher v. City of Valdosta*, 217 Ga. App. 351, 352-353 (1) (457 SE2d 259) (1995). Here, the ALJ found that Ross demonstrated by a preponderance of the credible evidence that his injuries were sustained in an accident on December 28, 2009, that arose out of and in the course of his employment with Ready Mix, and that Ross suffered a total loss of earning capacity on account of his injury.

On appeal, Ready Mix and Liberty Mutual nevertheless argue that Ross was not entitled to TTD benefits because there was no evidence that Ross was disabled by his work injury. In support of their argument, they first contend that the ALJ improperly admitted and considered Ross's medical records in light of Ross's alleged failure to provide a copy of those records to Ready Mix and Liberty Mutual before the hearing. Ready Mix and Liberty Mutual rely solely upon Rule 102 (E) (3) (b) of the Rules & Regulations of the State

---

[2] Ready Mix and Liberty Mutual also assert that the Notice incorrectly listed the street name in Ready Mix's address. This is not sufficient to establish insufficient notice, however, as "notice to either the employer or insurer serves as notice to the other." (Footnote omitted.) *Miles*, supra, 260 Ga. App. at 879.

Board of Workers' Compensation. Board Rule 102 (E) (3) (b) provides as follows:

> All medical evidence regarding the treatment, testing or evaluation of the claimant for the accident which is the subject of the hearing should be exchanged between the parties as soon as practicable, but no later than ten days prior to the hearing, and all depositions should be completed prior to the hearing. *Failure to exchange such evidence within ten days of a hearing may, in the discretion of the Administrative Law Judge or the Board, result in*: (1) the imposition of civil penalties, (2) award of assessed attorney fees, (3) a continuance, (4) award of costs, (5) award of witnesses fees and expenses, and/or (6) *in limited circumstances, the exclusion of evidence at the hearing.*

Contrary to Appellants' contention otherwise, however, it is clear that the above-emphasized language of Rule 102 (E) (3) (b) does not mandate the exclusion of evidence that was not exchanged between the parties within ten days of the hearing. Rather, as properly construed, Rule 102 (E) (3) (b) gave the ALJ discretion to determine whether the circumstances of this case warranted the exclusion of Ross's medical records; the ALJ was otherwise authorized to admit them at the hearing. Thus, there is no merit to Appellants' contention that the ALJ erred in admitting Ross's medical records.

Ready Mix and Liberty Mutual further contend that even if the ALJ's admittance of the medical records was proper, there was still an absence of medical evidence showing that Ross was disabled by his work injury given that a physician's assistant, rather than the orthopaedic spine physician, signed the May 28, 2010, work status report indicating Ross's total disability. Appellants point to no statutory or judicial authority in support of their contention. Instead, Appellants rely solely upon their suggested implication that because suspension of benefits under Board Rule 221 (i) (4) (a) requires a medical report from the claimant's authorized treating physician,[3] "it follows that an authorized treating physician must provide the report under which benefits are to be initiated." This is simply not the standard of proof imposed upon an employee seeking

---

[3] This Rule specifically provides, "When suspending benefits for release to return to work without restrictions, the employer/insurer shall attach to the Form WC-2 a copy of the supporting medical report from employee's authorized treating physician, who must have examined the employee within sixty days of the effective date of the release." Rules & Regulations of the State Board of Workers' Compensation, Rule 221 (i) (4) (a).

TTD benefits under OCGA § 34-9-261. As stated above, that standard requires an employee to show by a preponderance of credible evidence that he has experienced a loss of earning capacity due to the injury and not due to the employee's unwillingness to work or to economic conditions of unemployment. See *Dasher*, supra, 217 Ga. App. at 352 (1).

Here, the work status report in the record clearly originated from the offices of Ross's authorized orthopaedic spine physician and indicated that Ross was totally disabled until his next doctor's appointment or pending the Board's approval of lumbar facet injections. The record also contained Ross's hearing testimony that his authorized orthopaedic spine physician took Ross out of work completely as of May 28, 2010, and that he was unable to work pending further treatment. This Court is bound by the "any evidence" standard of review, and

> [r]egardless of what our findings would be if we were the factfinders, upon appeal, the evidence will be construed in a light most favorable to the party prevailing before the [B]oard, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court.

(Citation and punctuation omitted.) *Dasher*, supra, 217 Ga. App. at 352 (1). Construed in this light, we conclude that the foregoing record evidence supported the ALJ's finding that Ross was entitled to TTD benefits starting May 28, 2010.

3. Ready Mix and Liberty Mutual contend that the superior court erred in failing to reverse the Appellate Division's adoption of the ALJ's denial of their motion to withdraw or amend their responses to Ross's requests for admissions. There is no merit to Appellants' contention.

With respect to requests for admission, the Georgia Civil Practice Act[4] provides that "[t]he matter is admitted unless, within 30 days after service of the request . . . , the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" OCGA § 9-11-36 (a) (2). "Furthermore, although OCGA § 9-11-36 [(b)] provides that any matter admitted under the statute is 'conclusively established,' the statute also expressly authorizes the court to permit withdrawal or amendment of the admission and vests broad discretion in the trial court in this regard." (Citation and punctuation omitted.) *G.H. Bass*

---

[4] We note that discovery procedures at a workers' compensation hearing before an ALJ are governed and controlled by the Georgia Civil Practice Act. See OCGA § 34-9-102 (d) (1).

*& Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 330 (1) (486 SE2d 810) (1997).[5]

Here, Ross served Ready Mix and Liberty Mutual with requests for admission on June 9, 2010. Both Ready Mix and Liberty Mutual failed to answer Ross's requests within the requisite time period, thereby resulting in their admission that Ross suffered a disability as a result of the accident and injury occurring on December 28, 2009. See OCGA § 9-11-36 (a) (2), (b). In its written order, the ALJ denied the motion by Ready Mix and Liberty Mutual to withdraw or amend their admissions. On appeal, Ready Mix and Liberty Mutual specifically challenge the ALJ's denial of their motion with respect to their admission that Ross suffered a disability as a result of the accident and injury occurring on December 28, 2009. Even assuming that the ALJ's denial of the motion was improper as to that admission, however, the error was harmless. Cf. *Bibb County v. Higgins*, 241 Ga. App. 161 (526 SE2d 379) (1999) (concluding that ALJ's error in basing workers' compensation award, in part, upon medical treatises not admitted in evidence was harmless, where treatises were merely cumulative of medical expert's testimony). Notably, the admission which Ready Mix and Liberty Mutual challenge was merely cumulative of the evidence set forth in Division 2 above, and even without consideration of their admission, the evidence was sufficient to support the ALJ's finding that Ross was totally disabled and entitled to an award of TTD benefits.

4. Ready Mix and Liberty Mutual contend that the superior court erred in failing to reverse the Appellate Division's adoption of the ALJ's award of attorney fees and litigation costs because they were not provided with notice of the hearing. As discussed and concluded in Division 1 above, however, there was some competent evidence in the record to support the ALJ's finding of adequate notice. Accordingly, this contention is without merit.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 14, 2012 — 

*Swift, Currie, McGhee & Hiers, Timothy C. Lemke, Jon W. Spencer*, for appellants.

---

[5] Specifically, the statute provides that "the court may permit withdrawal or amendment when [(1)] the presentation of the merits of the action will be subserved thereby and [(2)] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." OCGA § 9-11-36 (b). "The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent." (Citation and punctuation omitted.) *Johnson v. City Wide Cab*, 205 Ga. App. 502, 502 (1) (422 SE2d 912) (1992).

*Katherine L. McArthur, Leslie L. Cadle*, for appellee.