**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 18, 2014**

# In the Court of Appeals of Georgia

A14A0931. BONNER-HILL v. SOUTHLAND WASTE SYSTEMS, DO-048
INC.

DOYLE, Presiding Judge.

Latoya Bonner-Hill appeals the denial of her claim for workers' compensation

benefits as a result of her husband's death.[1] For the reasons that follow, we reverse.

The record shows that Adonis Hill was hired by Southland Waste Systems of

Georgia, Inc. ("Southland"), on February 15, 2010. Southland's operation is located

in a large building off of State Route 247, which runs in a general north and south

direction. Running parallel to State Route 247 is a Georgia Southern and Florida

Railway railroad track, which must be crossed in order to access Southland, and there

---

[1] After the case was automatically affirmed pursuant to OCGA § 34-9-105 (b) based
on the trial court's failure to issue an order within 20 days of a hearing on Bonner-Hill's
appeal from the Board of Workers' Compensation, she filed an application for
discretionary appeal, which this Court granted on December 10, 2013.

is no other point of entry for a vehicle. The crossing consists of a short paved entrance road, which then continues slightly past Southland's building. After crossing the railroad tracks, an employee may turn right in front of Southland's building to access the parking area, which is between Southland's building and other structures.

Southland leases the property from B&D Services, Inc., and the property consists of "[a]pproximately 2.0 acres with a [shop building] and all improvements thereon at the western side of [State Route 247] . . . ." The lease also states that "[t]he Leased Premises shall include access to the property described above over an entrance road presently located on Lessor's property running from [State Route 247] to the [2.0 acre property]." This entrance road was for "ingress and egress including use by [Southland's] vehicles and vehicles of its employees, and business invitees."

Within a month of hire, on March 4, 2010, Hill was headed to work and driving southbound on State Route 247. As he turned right into the entrance roadway to cross the railroad tracks, his vehicle was struck by a northbound train. The collision caused numerous injuries, resulting in Hill's death.

Hill's wife filed a claim for workers' compensation death benefits on behalf of herself and three minor children.[2] Southland defended against payment of those benefits, asserting that Hill's death did not occur in the course of his employment.[3]

The administrative law judge ("ALJ") determined that the claim was compensable based upon a finding that the short entrance road, which crossed the railroad track, was the only route by which Hill could access his workplace. The ALJ also found that based on the lease between Southland and the lessor, Southland "had use of the access road which started at Highway 247 Spur and that the employer had use of this entrance for ingress and egress of employees and visitors." The ALJ concluded that because Hill had no alternative route to take to get to the building, the entrance road was part of the business premises, his arrival was during a reasonable time before his appointed shift time, and Southland had control over the entrance road pursuant to the lease. Southland appealed to the Board.

The Board reversed the ALJ, holding that because Hill had not arrived at work prior to the accident, the ingress/egress rule did not apply. The Board concluded that

[2] If a worker is killed in a compensable accident, the dependents of the deceased worker are entitled to certain benefits. See OCGA § 34-9-265 (b) - (d).

[3] The respondents in this case include Southland, its workers' compensation insurer, and the servicing agent. For ease of reading, we refer to them collectively as Southland.

this exception only applies to accidents that occur on the employer's premises and because Southland did not exclusively own, maintain, or control the entrance road upon which Hill was traveling, the Board determined that Hill had not arrived at work, thus excepting this case from the ingress/egress rule.

Bonner-Hill sought reconsideration of the order, and the Board denied her motion. She now seeks appellate review of this ruling, which was affirmed by operation of law in the superior court.

Bonner-Hill argues that the Board erred by determining that an employer must have exclusive use of a property in order to have sufficient "control" of the property for the ingress/egress to apply when determining whether the accident or injury arose out of and in the course of employment.

> On appeal from an award of the Appellate Division of the State Board of Workers' Compensation, this Court examines the record to see if there is competent evidence to support the award and construes the evidence in a light most favorable to the prevailing party. . . . [I]t is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and

4

binding, and that neither the superior court nor this Court has any authority to substitute itself as a fact finding body in lieu of the Board.[4]

"However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review."[5]

Under the Workers' Compensation Act,[6] a worker is entitled to compensation if he or she is injured in an accident that arose out of and in the course of employment.[7] "The term 'arising out of' refers to some causal connection between the conditions under which the employee worked and the injury. The words 'in the course of' relate to the time, place and circumstances of the accident."[8]

---

[4] (Citation and punctuation omitted.) *Ready Mix USA v. Ross*, 314 Ga. App. 775 (726 SE2d 90) (2012).

[5] (Punctuation omitted). *Renu Thrift Store, Inc. v. Figueroa*, 286 Ga. App. 455, 456 (649 SE2d 528) (2007).

[6] OCGA § 34-9-1 et seq.

[7] See OCGA § 34-9-1 (4).

[8] (Citation omitted.) *Med. Center v. Hernandez*, 319 Ga. App. 335, 336 (1) (734 SE2d 557) (2012).

"The general rule is that an accidental injury which occurs while an employee is traveling to or from work does not arise out of or in the course of employment, and therefore the injury is not compensable under the [Act]."[9] This is so because

> [t]he hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment.[10]

Exceptions to this general rule have been created for certain instances of ingress and egress. Under this ingress/egress rule, if an employee is injured while on the employer's premises in the act of going to or coming from his place of work, the

---

[9] *Longuepee v. Ga. Institute of Technology*, 269 Ga. App. 884, 885 (605 SE2d 455) (2004). See also *Fed. Ins. Co. v. Coram*, 95 Ga. App. 622, 624 (98 SE2d 214) (1957) ("while an employee is traveling to and from the employer's premises in transportation furnished solely by the employee and over a route chosen solely by the employee, he is not in the course of his employment and an accident occurring during such time is not a compensable one").

[10] (Punctuation omitted.) *Harrison v. Winn Dixie Stores*, 247 Ga. App. 6, 7 (542 SE2d 142) (2000); *West Point Pepperell, Inc. v. McEntire*, 150 Ga. App. 728, 729 (1) (258 SE2d 530) (1979) .

injury is compensable.[11] This rule is predicated, in part, on the idea that the employee has not departed from the premises if he or she "has not started traveling a route of his choosing wholly disconnected with his employment."[12]

Application of the ingress/egress exception requires a factual inquiry into whether the location at which the injury occurred constituted a portion of the respondent business' premises.[13] The ingress/egress exception will apply if the area

---

[11] See *Hill v. Omni Hotel at CNN Center*, 268 Ga. App. 144, 147 (601 SE2d 472) (2004) (an employee's injury occurring in a portion of a large building open to the public and housing numerous business and eateries en route to her employer in a different location of the building did not arise out of or in the course of her employment); *Harrison*, 247 Ga. App. at 8 (an injury that incurred while an employee is going to or from a parking facility owned, controlled, or maintained by employer is compensable); *Knight-Ridder Newspaper Sales, Inc. v. Desselle*, 176 Ga. App. 174, 174-175 (335 SE2d 458) (1985) (physical precedent only) (holding that an injury on public street intersecting employer's building and parking lot was compensable, and the fact that employer merely leased the parking lot was not material because the lot was under the direction and control of the employer, which furnished the lot for its employees); *West Point Pepperell, Inc.*, 150 Ga. App. at 728-729 (injury sustained on a public roadway intersecting the employer's building and the employer's parking lot furnished for employee use); *DeHowitt v. Hartford Fire Ins. Co.*, 99 Ga. App. 147, 148 (8) (108 SE2d 280) (1959) (injury sustained by employee while entering or leaving the building where employer located was compensable under the Act); *Coram*, 95 Ga. App. at 624 (employee's injury sustained while walking across employer's grounds and parking lot to get to her vehicle was compensable).

[12] (Punctuation omitted.) *Hill*, 268 Ga. App. at 147. See also *Peoples v. Emory University*, 206 Ga. App. 213, 214 (424 SE2d 874) (1992).

[13] See, e. g., *Hill*, 268 Ga. App. at 147; *Collie Concessions v. Bruce*, 272 Ga. App. 578 (612 SE2d 900) (2005) (physical precedent only); *Longuepee*, 269 Ga. App. at 885;

where the claimant is injured is an area (1) limited (or very nearly so) to the respondent business, even if the business's right to the area is merely a leasehold interest or some other non-exclusive access;[14] or (2) owned, maintained, or controlled by the business, even though the area is heavily traversed by the public without connection to the business.[15]

Here, when applying our case law to the undisputed facts, the Board erred by reversing the ALJ's award of benefits. Southland's lease includes two acres of

---

*Connell v. Head*, 253 Ga. App. 443, 444-445 (559 SE2d 73) (2002); *Labelle v. Lister*, 192 Ga. App. 464 (385 SE2d 118) (1989) (injury from automobile accident between two employees leaving work for the day in the employer's parking lot was compensable injury); *DeHowitt*, 99 Ga. App. at 147.

[14] See *Knight-Ridder Newspaper Sales, Inc.*, 176 Ga. App. at 174-175; *DeHowitt*, 99 Ga. App. at 148 (7) & (8) (leasehold interest in certain portions of the building rendered non-exclusive access routes the "premises" for purposes of the ingress/egress rule).

[15] See *Longuepee*, 269 Ga. App. at 885; *Peoples*, 206 Ga. App. at 215 (private road owned by employer but traversed by public constituted "premises" and rule was applicable even though employee had not officially reported for daily duty but was en route to do so); *DeHowitt*, 99 Ga. App. at 148 (7) & (8); *U. S. Cas. Co. v. Russell*, 98 Ga. App. 181, 184 (105 SE2d 378) (1958) (employee walking from the place he was instructed to park his vehicle to the location where he would pick up work orders was covered by the Act). Compare with *Hill*, 268 Ga. App. at 147; *Corbin v. Liberty Mut. Ins. Co.*,117 Ga. App. 823, 823-824 (162 SE2d 226) (1968) (injury was noncompensable when sustained by an employee on an access road to the construction site upon which he was working even though the road was owned by the client for whom the employer was providing construction services).

property west of State Route 247 within which the train tracks run, and the lease specifically states that the premises "shall include access to the property . . . over [the] entrance road" on which Hill was driving when he was killed.[16] Thus, Hill had arrived at the employer's premises when the accident occurred, triggering application of the ingress/egress rule.[17] Furthermore, the fact that the railway intersected what was essentially a driveway to the business does not remove the case from the ambit of the ingress/egress rule.[18] Accordingly, the Board erred by reversing the ALJ's award of benefits.

*Judgment reversed. Miller, J., concurs. Dillard, J., concurs in judgment only*.

---

[16] Although there was some testimony that one unspecified business (in addition to the lessor and Southland) engaged in some sort of operation on the property and thus shared access to the entrance road and parking lot, our case law establishes that such limited shared access does not transform the area from the business premises to an unrelated area. See *Knight-Ridder Newspaper Sales, Inc.*, 176 Ga. App. at 174-175 (physical precedent only); *DeHowitt*, 99 Ga. App. at 148 (7) & (8).

[17] See *Peoples*, 206 Ga. App. at 214; *Russell*, 98 Ga. App. at 184.

[18] See *Longuepee*, 269 Ga. App. at 885; *Knight-Ridder Newspaper Sales, Inc.*, 176 Ga. App. at 174-175 (physical precedent only) ("[t]he period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises."); *West Point Pepperell, Inc.*, 150 Ga. App. at 728-729 (1).

A14A0931. BONNER-HILL v. SOUTHLAND WASTE SYSTEMS,

  INC.

DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said in the majority opinion. As such, the majority's opinion decides only the issues presented in the case *sub judice* and may not be cited as binding precedent. *See* Court of Appeals Rule 33 (a).